J. YOUNG SCAMMON, plaintiff in error, *vs.* EARL ADAMS *et al.*, defendants in error.

### Error to Kendall.

The omission to fill up an endorsement in blank, must be taken advantage of at the trial below; it cannot be raised in this Court.

Where a party endorses a note to secure a debt due his endorsees, with the agreement that they were to be paid out of the first avails of the note, and the balance to be paid to the endorser, and those endorsees again assign the note to an agent or attorney for collection, the first endorser has the right to receive from the maker the balance due upon the note, after the first endorsees have been paid what was due from him to them, and give the maker a receipt therefor; which will defeat an action against the maker brought by the last endorsee.

Parol testimony may be introduced to show the understanding with which the note was endorsed, without violating the rule that a written contract cannot be contradicted by oral proof.

This was an appeal from a justice of the peace to the Kendall Circuit Court. A judgment was rendered against the plaintiff and appellant here, before the justice of the peace, and he took the appeal. At a special term of the Circuit Court for Kendall county, held in November term, 1849, Spring, Judge, presiding, the cause was submitted to him for trial; when a judgment was rendered for the defendants. The plaintiff introduced the note, with the indorsements, in evidence. The defendants below introduced two receipts; one for $12, dated at Chicago, February 14th, 1845; the other for $30, dated 2d August, 1843; both signed by J. Young Scammon, attorney to Barker & Best; which were read in evidence, without objection. The defendants then offered in evidence a certain receipt, as follows:

"Received, May 1st, 1844, of Burr Bristol, thirty dollars, to apply on a note, made payable to Jacob Metzker, dated about the first of August last past, given for $70; which note is now in the possession of Barker & Best, at Michigan city; transferred to the said firm by me.                   Jacob Metzker."

Burr Bristol was one of the makers of the note. To the introduction of this receipt defendant excepted; but the Court overruled the objection. The endorsement of the note by Barker & Best to Scammon was in blank. Eliakim Briggs, for the defendant, testified, that he was present at a settlement between Metzker and Barker & Best, and it was agreed by and between the parties that said Metzker was indebted to the said Barker & Best, in about the sum of $35, and that he delivered to them a certain promissory note for about $70, and indorsed the same, for which they were to receive, from the first proceeds of said note, about $35; and then said note, or the residue of the avails thereof, were to go to Jacob Metzer; and identified the note in question as the same note. The errors assigned were the admission of the testimony of Briggs, and the finding the issues in favor of the defendants. The plaintiff in the Courts below brings the cause here for review.

S. W. Randall, for plaintiff in error.

T. L. DICKEY and W. H. L. WALLACE, for defendants in error.

Opinion by Mr. Justice CATON:

The objection taken by the defendants to the right of the plaintiff to recover on the note, because the blank indorsement by Barker & Best was not filled up on the trial, or at any other time, with the name of the plaintiff, is answered by the case of Gilham *vs.* The Bank, 2 Scam., 245, where it was held that the filling up of the indorsement was a mere matter of form, 'and that its omission could not be taken advantage of in this Court, unless the objection had been raised in the Court below. Although the legal title to the note may have passed to Scammon by the indorsement by Barker & Best, yet it was not insisted upon the argument that he received it other than as trustee or attorney for the purpose of collection. The two receipts produced, which were given by him for money paid on this note, and dated as late as November, 1844, and February, 1845, nearly a year after the maturity of the note, were signed by him as " attorney to Barker & Best." He then held the note but as trustee for them, to the extent of their interest. Such was the nature of the plaintiff's right. Then let us inquire into the nature of the rights of the other parties concerned.

Briggs testified that he was present when the note was assigned by Metzker, the payee, to Barker & Best; that Metzker owed them thirty-five dollars, and that he indorsed to them this note of seventy dollars; from the first proceeds of which they were to receive thirty-five dollars, and then the residue of the note, or the avails, was to go to Metzker or his order. Scammon received forty-two dollars on the note for Barker & Best, and the defendants introduced the receipt of Metzker for the balance.

The errors assigned are, the admission of the testimony of Briggs, and this receipt from Metzker. The solution of the former will determine the propriety of the latter; for if it was competent to show that all but thirty-five dollars of the note still belonged to Metzker, it will hardly be denied that he would have a right to receive the pay on the note, and of course to receipt for it.

The objection to the testimony of Briggs was, that it was varying a written contract by parol. But this is a misapplica-

73

tion of the rule. The indorser of a note, when sued upon his indorsement, may show that he received the note as agent for the indorser, and in that capacity indorsed it to his principal; and, although some have doubted whether this would constitute a defence at law, yet it is admitted on all hands that the party could get relief in equity. Chitty on Bills, 35 and 229. And I apprehend it would always be a good defence at law, while the note was in the hands of the principal. But this identical question was directly raised and expressly decided in the case of Barker vs. Prentiss, 6 Mass., 430, where the suit was brought by the second indorsee of a bill against the maker, and upon the the general issue the defendant was allowed to show that the drawees had indorsed it to the first indorsees, as their agents, for collection, who, for the same purpose, had indorsed it to the plaintiff, and that the first indorser had directed the defendant not to pay the bill to the plaintiff; and this was held to be a good defence. As in this case, the objection was there taken that "parol evidence ought not to have been admitted to control or explain the legal effect of these indorsements." After answering the objection, Chief Justice Parsons concludes this part of his opinion, by saying: "We are, therefore, satisfied, notwithstanding the terms of the indorsement, that it was regular to prove that the plaintiff, the indorsee, received the bill, not as assignee, but as an agent to collect it for the payees." And we are satisfied that it was competent in this case to show the nature of the assignment of this note by Metzker to Barker & Best, and by them to Scammon; from which it appears that the balance of the note, after paying the thirty-five dollars due from Metzker to Barker & Best, belonged to Metzker, and that he had a right to receive the residue. The payment of this to him satisfied the note as much as if it had been returned to him and the indorsements erased; which he might have done, as if he had received the note again by a reindorsement. The receipt of Metzker was properly received in evidence; and the judgment of the Circuit Court must be affirmed, with costs.

*Judgment affirmed.*