Trumbull, J. The difficulty in this case arises not so much in determining what the law is, as in applying it to the particular case. The rule is well settled, that parol testimony is inadmissible to vary, contradict, or explain, the terms of a written agreement, and yet it is allowable to show by parol, that the consideration of a promissory note has wholly or in part failed, or that it was given without consideration. It is not always easy to distinguish between these two classes of evidence and determine to which, particular testimony belongs, but when that is determined, the law is well established. Did the evidence offered in this instance, go to impeach the consideration of the note, or to vary its terms? If the former, it ought to have been admitted; if the latter, it was properly excluded. The consideration of the note, was an extension of time to the maker within which to pay certain sums of money, which he was owing the payees and others, and that this was a good consideration cannot be questioned. The notes of Webster & Go., were on time, and Penny gave the note in question, in consideration that the persons he was owing would wait with him, till those notes fell due. The evidence offered did not go to show that Penny did not get the benefit of the extended time, or that it was in any manner abridged, consequently it did not tend to show that the consideration of the note had in any manner failed. The payment of the notes of Webster & Co., at or before maturity, had nothing to do with the consideration of the note in question. They were not parties to it, but it was given by Penny on account of an arrangement between him and the payees, with which Webster & Co., had nothing to do. The effect of the parol evidence, was to show that the note,, although absolute in terms, was in fact conditional. The object of offering it, manifestly was to defeat a recovery altogether, and such would be the consequence if it were admissible. Had Penny intended, that the note should not be collected in case the notes of Webster & Co. were paid at maturity, and the persons from whom he had purchased hogs did not claim interest, he should have had such intention expressed upon the face of the-note; not having done so, he cannot now be permitted to vary or change the terms of his written contract by parol evidence, upon the familiar principle that the writing affords the only evidence of the terms and conditions of the contract. Lane v. Sharp, 3 Scam., 567; Mager v. Hutchinson, 2 Gil., 266; Ely v. Kilborn 5 Denio, 514; Erwin v. Saunders, 1 Cowen, 249; Graves v. Clark, 6 Blackford, 183. Judgment affirmed..