## HENRY L. DAGGETT
### *v.*
## DAVID A. GAGE.

1. PROMISSORY NOTE — *defense thereto, when given as security for the performance of some act by another.* A party being under arrest on a *ca. sa.*, in order to procure him his temporary release another gave his promissory note, merely as security that the party arrested should surrender himself to the sheriff on a certain day. The time for the surrender was extended, by agreement of parties, and on the day last agreed upon the party arrested offered himself in custody to several deputies of the sheriff, who declined to receive him, and of this he gave notice to plaintiff's attorney. This was all he was required to do, and operated to discharge the maker of the note from any further liability thereon.

2. PRACTICE — *when parol evidence, offered to vary a written contract, should be objected to on the trial.* In a suit on the note, if objection was made, it may be the effect thereof would not be allowed to be thus varied by parol evidence ; but parol proof being admitted without objection, it was proper to consider it as competent evidence, because, if objection had been made, the defendant, perhaps, might have produced a cotemporaneous written· agreement to the same purport.

WRIT OF ERROR to the Superior Court of Chicago ; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action brought by Henry L. Daggett against David A. Gage, upon a promissory note executed by the latter to Henry T. Helm, and assigned by him to the plaintiff. A trial resulted in a verdict and judgment for the defendant. The plaintiff thereupon sued out this writ of error. The facts are sufficiently stated in the opinion of the court.

Messrs. HELM, TAYLOR & PENCE, for the plaintiff in error.

Messrs. KING & SCOTT, for the defendant in error.

30—41ST ILL.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a suit brought by Daggett against Gage, upon a promissory note. The defense is, that Daggett had caused one Reese to be arrested on a *ca. sa.*, and, in order to procure his temporary release, Gage had given the note sued on merely as security that Reese should surrender himself to the sheriff by the 8th of June; that, before that date, the time was extended by Daggett's attorney, and again extended, and, on the day last agreed on, Reese offered himself in custody to several deputies of the sheriff, who declined to receive him. If the parol evidence by which these facts were proven, had been objected to on the trial, we should doubtless hold that the effect of the written instrument could not be thus varied. But no objection was made. Had there been, we cannot say the defendant would not have produced a cotemporaneous written agreement to the same purport. This proof having been admitted without objection, the case is clear. The other facts are undisputed. Reese did surrender himself at the time agreed upon between the parties, and notified the plaintiff's attorneys. That was all he was required to do. The fact that the sheriff refused to take and hold him in custody, cannot prejudice either him or his security. The judgment must be affirmed.

*Judgment affirmed.*