## CHARLES WALKER

*v.*

## JOHN A. CRAWFORD.

1. PAROL EVIDENCE — *to vary the terms of a promissory note.* It is an inflexible rule that the maker of a promissory note, absolute on its face, can not show, as a defense thereto, even against the payee, an oral contemporaneous agreement which makes the note payable only on a contingency.

2. Where, in an action on a note by the payee against the maker, the defendant pleaded the general issue and filed therewith a notice of special matter, in substance, that the note was delivered conditionally, or as a collateral security for the performance of a parol promise or agreement by the maker, which he was prevented from performing by the act of the payee, in refusing to accept of the same, alleging his readiness to perform and ten-

der thereof, and the payment into court of the sum due upon said promise or agreement, evidence offered to sustain such notice was held inadmissible.

3. PLEA OF PAYMENT — *evidence thereunder.* But had the defendant pleaded such facts as payment, or that the note was given without consideration, or that the consideration had wholly or in part failed, the evidence might have been admissible.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by Crawford against Walker, on a certain promissory note executed by the latter in favor of the former. The defendant pleaded the general issue and filed therewith the following notice of special matter of defense:

" The plaintiff will take notice that the defendant, on the trial of this cause, will give in evidence and insist that, before and at the time of the making and delivering of the promissory note mentioned and set out in the plaintiff's declaration, the schooner Australia, whereof this defendant was agent, then lying at the port of Chicago, was in the custody of the United States marshal for the northern district of Illinois, under a monition issued out of the district court of the United States for the northern district of Illinois, upon a certain libel then pending in the said court, wherein the said John A. Crawford was libellant, and the said schooner Australia was defendant, and so being in such custody, it was agreed by and between the plaintiff and defendant in this cause as follows:

" That this defendant should, within thirty days from the 17th day of October, 1868, pay to the said plaintiff the sum claimed by said libel, together with costs upon the same, and make and deliver unto the plaintiff the promissory note sued on in this cause, as collateral to, and security for, the fulfillment of his, the defendant's, agreement to pay the aforesaid sum of money, and, in consideration thereof, the said plaintiff agreed to dismiss the aforesaid libel, and discharge the said vessel from the custody

of said marshal, and that, upon such agreement of the said parties respectively, the said plaintiff did cause the said vessel to be released and discharged from the custody of said Marshal, and the aforesaid libel to be dismissed, and the said defendant made and delivered to the plaintiff, as security as aforesaid, the said promissory note; that afterward and within ninety days from the said 17th day of October, A. D. 1869, this defendant tendered and offered to pay unto the said plaintiff in lawful money the sum of $67.07, in fulfillment and performance of this promise and agreement to pay unto the plaintiff the sum claimed in the aforesaid libel and costs thereupon; that the sum claimed by said libel, together with costs, was the sum of $67.07, and that the said plaintiff thereupon refused to accept the said sum.

"And this defendant here renews his aforesaid offer and tender, and now brings into court the aforesaid sum of $67.07."

The plaintiff offered in evidence the note sued on. And the defendant, to maintain the issues on his part, offered to prove the matters and facts contained in his notice of special matter, to which the plaintiff objected. Objection sustained by the court, and the evidence offered excluded, to which ruling of the court the defendant excepted. Whereupon the court found the issues for the plaintiff, and entered judgment accordingly. The defendant appeals.

Mr. J. N. BARKER, Mr. WILLIAM HOPKINS and Mr. T. J. TULEY, for the appellant.

Messrs. SPAFFORD, McDAID & WILSON, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question presented by this record is, as to the admissibility of the evidence offered to sustain the notice accompanying the plea of the general issue.

The substance of the notice is, that the note was delivered

conditionally, or as collateral security for the performance of a parol promise or agreement by appellant.

Appellant, not denying or questioning the rule of law so long established, that parol testimony is inadmissible to vary the terms of a written contract, seems to intimate there is some inconsistency in the decisions of this court, at least, as to the application of this rule.

Under point five in his brief, he contends that the evidence excluded would have proved that the consideration of the note had wholly or in part failed, and under that head calls attention to *Mager* v. *Hutchinson*, 2 Gilm. 267. That case decides only that, when a contract is reduced to writing, the writing affords the only evidence of its terms and conditions. It can not be contradicted or varied by the previous or contemporaneous verbal agreements of the parties. These are all regarded as merged in the written contract.

The agreement sought to be established by parol in this case, which was an action of debt on a promissory note executed by one Mager and De Lassoule to the plaintiff, the latter being alone served with process, was, that at the time of the execution of the note, it was understood that De Lassoule was to be liable for its payment only in the event that the money could not be collected of Mager, averring that no effort had been made to collect it of Mager.

*Scammon* v. *Adams et al.*, 11 Ill. 575, was a case where it had been agreed between the indorser of a note and the indorsee, to whom the indorser was indebted, that he should refund to the indorser the surplus of the note after paying himself. The court say, that parol evidence may be introduced to show this understanding, without violating the rule that a written contract can not be contradicted by parol proof.

*Penny* v. *Graves*, 12 Ill. 287, merely reiterates the familiar doctrine that a party may show by parol, a note was given without consideration, or that the consideration has wholly or in part failed, and to impeach the consideration of a note, but not to vary its terms.

*Ward* v. *Stout*, 32 id. 399, decides, a joint maker of a note may plead and prove he signed the note as surety only. The court say, such proof does no violence to the rule that a written instrument can not be varied by parol, for it does not affect the terms of the contract, but establishes a collateral fact merely, and rebuts a presumption. To sustain this view, *Flynn* v. *Mudd et al.*, 27 Ill. 323; *Harris* v. *Brooks*, 21 Pick. 195; *Carpenter* v. *King*, 9 Metc. 50; *Archer* v. *Douglass*, 5 Denio, 509; *Bank of Steubenville* v. *Leavitt et al.*, 5 Ohio (Ham.) 207, and 1 Parsons on Bills and Notes, 233, were referred to. Parsons says, the weight of authority, and principle, are in favor of the admission of such evidence, p. 234. It certainly should be the rule between the maker and payee.

*Daggett* v. *Gage*, 41 Ill. 465, does contain an intimation, apparently inconsistent with the previous ruling, of the court in *Ward* v. *Stout*, *supra*, but it affirms the doctrine that the terms of a written contract can not be varied by parol proof.

We fail to see, in the cases cited, any departure from this rule. The proof offered by plaintiff went to show a contract entirely different from the one shown by the note. It tended to show the note, which was on its face absolute, was, in fact, conditional only. Had he pleaded the facts as payment, as in the case of *Hagood* v. *Swords*, 2 Bailey (S. Car. Law Rep.) 305, or that the note was given without consideration, or that the consideration had wholly or in part failed, the evidence might have been admissible under repeated rulings of this court and other courts. That defense is given by statute.

The rule we understand to be inflexible, that the maker of an absolute note can not show, against the payee, an oral contemporaneous agreement which makes the note payable only on a contingency. 2 Pars. on Notes and Bills, 508, and the numerous cases and illustrations there given. *Foy* v. *Blackstone*, 31 Ill. 541.

We have intimated the defendant might have pleaded want of consideration, or a total or partial failure of consideration. A case is reported in 1 Hill, 116, *Payne* v. *Ladue*, which sus-

tains this suggestion. There, the consideration of the note was, that the payee should give up certain notes, discontinue certain suits, and sign a retraction of an alleged slander, and, on his failure to do these things, the note was to be void. The payee gave up the notes and the suits, but did not sign the retraction, yet his parol agreement to do so could not be let in to contradict the absolute note. If the retraction had been the sole consideration for the note, the oral agreement to retract would have been a good defense, on the ground of want of consideration. But, where only part of the consideration fails, an action on the agreement is the only just remedy, and the terms of the note can not be changed.

The authorities cited by appellant fail to sustain the position he has taken.

The note could not be an escrow, as it was delivered to the payee. An escrow is delivered to a stranger or third party. But the notice was not to the effect, it was delivered as an escrow. In *Hagood* v. *Swords, supra,* the court considered the agreement as equivalent to payment of the note. In *Couch* v. *Meeker,* 2 Conn. 302, the condition was in writing and indorsed on the note, but the judgment was against the defendant. In the case of *Vallett* v. *Parker,* 6 Wend. 615, the defendant offered to prove that the note was delivered to a third person, as an escrow, and that he had fraudulently put it in circulation.

In *Woodhull* v. *Holmes,* 10 Johns. 230, the point was, a want of consideration for the note, the proof being that the note was made and delivered to a third person to carry to the bank, for discount, and, instead of this being done, this person placed it in the hands of a broker.

The authorities are overwhelming to this point: A note, absolute on its face, can not be shown by parol to have been conditional.

There is no error in the judgment, and it must be affirmed.

*Judgment affirmed.*