either the town or the commissioners.  They create no such indebtedness as render either liable for the payment.

Petition for rehearing denied.

FRANCIS L. BRYANT

v.

ROBERT FARIES ET AL.

INDORSEMENT—AGENCY—PAROL EVIDENCE.—Appellant sent an engine, boiler and other fixtures to appellees to sell. Appellees, without any instructions from appellant, put some repairs upon the engine, and then sold it, together with a boiler and other fixtures of their own, for $600, and without appellant's knowledge or consent warranted the engine to do certain work. Upon a settlement it was agreed that appellant should receive $280 of the proceeds of the sale after paying incidental expenses, and appellees were to take a note from the firm to whom they had sold the engine, etc., for that amount, payable to themselves, and assign the same to appellant.  Suit was brought by appellant against the makers of the note, but they interposed the defense of a partial failure of the consideration of the note, inasmuch as the engine failed to do certain work which appellees, as agents of appellant in making the sale, warranted it to do.  Appellant recovered a judgment of $232, and now brings this suit against appellees upon their indorsement to recover the difference.  *Held*, that appellees had the right to show, if they could, that they were acting merely as the agents of appellant, and that there was no consideration for the indorsement, but the court is of opinion that the evidence fails to rebut the *prima facie* case made by the indorsement.  Appellees made the indorsement in settlement of a liability of their own to appellant, and according to the terms of the indorsement the law would presume a liability which they have failed to rebut.

APPEAL from the Circuit Court of Macon county; the Hon. J. W. WILKIN, Judge, presiding.  Opinion filed October 3, 1884.

Messrs. OUTTEN & VAIL, for appellant; as to the liability of appellees on the contract of indorsement, cited Crouch v. Hall, 15 Ill. 263; Raplee v. Morgan, 2 Scam. 561.

As to the evidence of a different verbal agreement, made at the time of the indorsement, being inadmissible: Howes v. Merrill, 5 Cush. 82; Campbell v. Robbins, 29 Ind. 271; Jones

v. Albee, 70 Ill. 34; Skelton v. Dustin, 92 Ill. 49; Beattie v. Browne, 64 Ill. 360; 18 Central Law Journal, No. 20, p. 382; Story on Agency, § 269.

Mr. David Hutchison, for appellees.

McCulloch, J. Appellant, who was the owner of an engine, boiler, pumps and other fixtures, placed the same in the hands of appellees, who were engaged in the business of manufacturing, repairing and selling like machinery, to be sold by them on appellant's account. Appellees, for the purpose of rendering the same more salable, but without any instructions to that effect from appellant, put some repairs upon the engine and then sold it, together with a boiler and other fixtures of their own, to the firm of Gregory & Wood, for the gross sum of six hundred dollars.

Upon a settlement between appellant and appellees it was agreed between them that appellant should receive two hundred and eighty dollars of the proceeds of said sale, after paying freight and other incidental expenses, including six dollars to appellees for making the sale. Appellees were to take a note of Gregory & Wood for that amount payable to themselves and assign the same to appellant. This was done according to the agreement, and this suit is brought by appellant against appellees upon their indorsement of said note.

Suit was brought in apt time by appellant against Gregory & Wood as makers of the note, but they interpose the defense that appellees, as agents of appellant in making sale of said engine, had warranted it to do certain work which it had failed to do, wherefore the consideration of the said note had in part failed. Upon the trial of that issue appellant recovered a judgment against Gregory & Wood for $232, which has been paid.

This suit is brought to recover the difference between that sum and the whole amount due upon the note, which for the purposes of this suit must be regarded as the consideration for the assignment.

It is contended on the part of appellees that having acted

only as agents of appellant in making the sale of said engine and in taking the note from Gregory & Wood, their indorsement of the same operated only as a transfer of the legal title to appellant of that which in equity already belonged to him, and there being no consideration for such assignment, no action thereon will lie against them.

Conceding, as may well be done, that in a case of pure agency, where the agent has no interest in the transaction and has made no valid agreement to become liable as an indorser, his indorsement to his principal, of paper taken in his own name in the course of his principal's business, creates no such liability, it does not follow that this case comes within the operation of that rule. It is equally true that an agent may make himself liable to his principal upon such an indorsement. The real contract between the parties, when it can be ascertained, according to the rules of evidence, must govern.

Appellees, by incorporating the said engine into an outfit composed in part of a boiler and other fixtures of their own, and then selling the whole at a gross sum, had made themselves responsible to appellant for the value of his engine. The adjustment of this liability was a sufficient consideration for their agreement, if any such was made, to become responsible to appellant as indorsers. He contends they did so agree, and that having without his authority made the said warranty, whereby he lost part of the note, they are liable upon their indorsement to make good the loss so sustained.

In support of the issues on his part, appellant introduced the note and its indorsement; he then proved the consideration of the indorsement to have been the said settlement, and then proved by the record of the former suit the loss he had sustained by reason of appellees having entered into said warranty in his name.

Appellees then endeavored to prove by parol evidence all the circumstances attending the transaction, for the purpose of showing they could not be held liable as indorsers. To all this class of evidence appellant objected on the ground that it was an attempt to set up a different contract by parol

from that which the law would imply from the nature of the indorsement, but the court overruled his objections, and heard the evidence.

The case was tried by the court without the intervention of a jury. In such cases, even if improper evidence is admitted, we are not inclined to reverse, if enough competent evidence appears in he record to sustain the finding of the court. But, to say the least of it, appellees had the right to show, if they could, that they were acting merely as the agents of appellant, and that there was no consideration for the indorsement. Scammon v Adams, 11 Ill. 575; Jones v. Albee, 70 Ill. 34. This they attempted to do, but we are of the opinion the evidence fails to sustain their position.

Appellant was not known in the sale to Gregory & Wood, nor in the note from them to appellees. Although the note was made for the actual amount coming to appellant, yet that was done for the convenience of appellees and in part settlement of a debt owing them by Gregory & Wood. The indorsement was regular on its face, and bore no evidence whatever that it was intended to be without recourse. The consideration was, as before seen, sufficient to support the contract of indorsement, and from the face of the transaction the law would imply a liability.

This *prima facie* case has not been overcome. Oakes, one of the defendants, testifies that the understanding was, they were to assign the note to appellant. If they were not to be liable as indorsers, why was the note made payable to them, instead of to appellant, to be indorsed by them? and why, if they were not to be held liable as indorsers, did they not affix to their indorsement the usual words "*without recourse*"? These questions are not answered by the evidence.

On the other hand the testimony of appellant is that he told appellees that it would be satisfactory to him to take the note of Gregory & Wood with their indorsement; that he did not know the financial standing of Gregory & Wood; that he had never heard of Wood, and as they lived out of his county I e did not know if Gregory was good, but that the indorsement of appellees made the note good; that Oakes, with whom the

business was done, agreed to take the note and indorse it, which was done, and he relied upon the indorsement.

There seems to be little if any conflict in the evidence. Appellees made the indorsement in settlement of a liability of their own to appellant, and according to the terms of the indorsement the law would presume a liability, which they have failed to rebut. We therefore hold that according to the evidence contained in this record appellant was entitled to recover. The judgment of the circuit court will therefore be reversed and the cause remanded.

Reversed and remanded.