## Jesse C. Wheaton v. Fred A. Bartlett.

1. CONTRACTS—*Rules of Construction.*—The object to be aimed at in construing a contract is to discover and give effect to the intention of the parties. Where a clause is capable of two constructions, one which will give it some operation, and the other which will render it meaningless, the contract should be so construed as to render the clause effectual. Each part of the instrument should be viewed in the light of the other parts thereof, in order to arrive at the intention of the parties.

2. SAME—*Prior Parol Agreements Can Not Vary the Terms of a Written Contract.*—A written contract can not be contradicted or varied by evidence of an oral agreement entered into between the parties before or at the time of making such contract.

3. PARTNERSHIP—*Not a Legal Entity.*—A partnership is not a legal entity.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed December 30, 1902.

This is a suit in assumpsit, brought by appellee against Jesse C. Wheaton, appellant, also I. B. Jones and Harry

Griffith, as copartners as Griffith & Company, upon a promissory note reading as follows :

"$900.00.                              CHICAGO, Nov. 1, 1899.

Within one year after date, we promise to pay to the order of Fred A. Bartlett, nine hundred and 00-100 dollars, at Metropolitan National Bank of Chicago, payable as follows:   Twenty-five dollars ($25.00) on the 15th of each month following this date; balance payable November 1, 1900.

The personal liability of J. C. Wheaton, I. B. Jones and Harry Griffith is hereby limited to three hundred dollars, with six per cent interest from date.

Value received; interest at the rate of —— per cent per annum.

GRIFFITH & Co.,
35 River St."

The declaration consists of a special count upon the note and the common counts.   The special count complains of Isaac B. Jones, Harry R. Griffith and Jesse C. Wheaton, copartners as Griffith & Company, and alleges that the above-named defendants, under the name and style of Griffith & Company, executed and delivered to plaintiff (appellee) said note; also alleges that $175 have been paid on account of said note by the firm of Griffith & Company, and $125 by Jesse C. Wheaton; and that defendants, under the style of Griffith & Company, promised and agreed to pay the said sum of $900.

An order of default of Jones on personal service was entered.   Jesse C. Wheaton filed plea of general issue to the special and common counts.   Special pleas to the special and common counts denying execution of the note and special pleas to all the counts denying joint liability were filed.

The abstract of record does not clearly set forth the state of the pleadings as to Jesse C. Wheaton, but the cause was submitted to the court for trial without a jury by the defendant Wheaton upon the issues as made; and as no evidence offered by the defendant was excluded because of the state of the pleadings, it will be unnecessary to inquire further.

The court found the issues for the plaintiff and against

the defendant, Jesse C. Wheaton, and assessed plaintiff's damages at the sum of $668.55.

It is conceded by both parties to this suit, that Wheaton, Jones, Griffith and Bartlett were members of the firm of Griffith & Company, and that his partners bought the interest therein of Bartlett and gave him therefor the note in question, and continued the business in the same name. Counsel for defendant offered to prove that " defendant, in the presence of plaintiff, refused to purchase plaintiff's interest in said firm and to consent to the giving of said note therefor, unless the following clause—' The personal liability of J. C. Wheaton, I. B. Jones and Harry Griffith is hereby limited to $300 '—was inserted therein, and that thereupon, in plaintiff's presence and with his consent, said clause was inserted in said note, signed by said Griffith and delivered to plaintiff."

The court refused said offer to hear evidence thereunder, holding that such evidence could not be considered in construing said note; and to this ruling of the court, Wheaton, by counsel, duly excepted.

HECKMAN, ELSDON & SHAW, attorneys for appellant.

E. C. MAPLEDORAM, attorney for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

The construction of the note introduced in evidence is the sole question involved in this case. Appellant contends that the clause purporting to limit his liability will be given effect when the language alone of the note is properly construed, and that if there be doubt as to its meaning, parol evidence is admissible to show the intention of the parties in inserting such clause.

The object which is to be aimed at in construing the contract of the parties is to discover and give effect to their intention. Where a clause in a contract is capable of two constructions, one which will give it some operation and the other which will render it meaningless, the contract should be so construed as to render the clause effect-

ual. Each part of the instrument should be viewed in the light of the other parts thereof, in order to arrive at the intention of the parties. These are elementary propositions requiring the citation of no authorities and which must be applied to the interpretation of the language of this note. The meaning of the agreement as to liability in this clause of the note is to be found in its words read in the light of surrounding circumstances as disclosed by the evidence. Street v. Wharfing and Storage Company, 157 Ill. 605; Ferry v. Miltimore, 64 Ill. App. 557.

The abstract does not show of what kind of partnership the new firm was, whether trade, professional or other kind; and even though the signing of this note did not come within the scope of the partnership, still as between the members of the new firm and Bartlett, the liability to Bartlett could have been made joint, and a partnership liability. It is a legal presumption that Griffith, Jones and Wheaton, through the said purchase from Bartlett, each acquired an undivided third interest therein, whether purchased by them as partners, or as individuals. However, under the rules of construction of contracts, no meaning must be imported into the note which the law does not place there, and it is therefore impossible to say from the note itself whether the undertaking, even if joint, is that of the members of a partnership as such, or of the members as individuals. A partnership is not a legal entity. Meadowcroft v. People, 162 Ill. 56.

It is true the note is signed Griffith & Company, but are Griffith & Company a partnership of such kind that this note can become a partnership liability as distinguished from the joint liability of three men not in partnership? Bearing in mind that each of the three acquired an undivided one-third interest of the retiring partner, such interest passed through each purchaser before it became, if ever, a portion of the assets of the new firm. What Bartlett sold was his interest in the net balance of the assets of the firm remaining due him after all partnership debts were paid and the equities between him and his copartners were

adjusted.   Sindelar v. Walker, 137 Ill. 43; Trowbridge v.
Cross, 117 Ill. 109.

The abstract shows that Wheaton, Griffith and Jones
bought out their partner and thereafter formed the new
firm.   The abstract shows that the sale and purchase did
not follow, but preceded the creation of the new firm.   It
therefore follows that Wheaton, Griffith and Jones did not
as the new firm, but did as individuals, purchase the inter-
est for which the note in question was given.   Moreover,
there is some conflict among the authorities as to whether
parol evidence is admissible, and if so, how far, to recon-
cile and make effectual the various terms and clauses of the
note.

It is a principle of evidence that a written contract can
not be contradicted or varied by evidence of an oral agree-
ment entered into between the parties before or at the
time of making such contract; consequently, parol evi-
dence of an oral agreement alleged to have been made at
the time of making the note in question can not be per-
mitted to vary, add to or subtract from the absolute term
of the written instrument.  . Walker v. Crawford, 56 Ill. 444.

From this record we do not know of what the assets or
property of the old firm of Griffith & Company consisted,
and it was doubtless intended that Wheaton, Griffith and
Jones should proceed with the business, whatever it may
have been, and that the new firm from its business would
pay this note according to its terms; and judging from the
indorsements which appear on the note, the firm did pay
at the rate stipulated for six months, and then six pay-
ments of $25 each were made by appellant, but whether
these payments were made by him with partnership assets
or not, the record does not show.   It is evident from a
careful reading of this note and from the facts of the case,
that the payee accepted it as though it read, " We, each,
however, limiting his personal liability to $300, promise
to pay, etc., $900; but to make up this sum, each one of
us does not hereby make himself personally liable to pay
more than $300."   This reading of the note does not

seem to do violence to its meaning and true intent. The payee and retiring partner accepted, for reasons of his own, this note with such limitation.

It is not an unnatural construction to be given to the note. It would be absurd, in an attempt to give effect to this clause limiting liability, to say that it was merely a memorandum of adjustment by and between Wheaton, Jones and Griffith. Such an agreement certainly would not bind creditors of the firm and would not make more certain the respective interests of Wheaton, Jones and Griffith.

We hold that the trial court was right in refusing to receive parol evidence that would modify the note; but as we understand the offer of counsel, the evidence offered might have been received without committing reversible error, for it would not have contradicted or modified the note; but we think that in view of the state of the record and the relation of the parties admitted by counsel, and the context of the note, that the court erred in entering judgment.

As the case must be retried, the issues should first be formed and regard be had to the condition of the record as to the pleadings.

The judgment is reversed and the cause remanded.