MERCIE H. MILLER, impl'd etc.

*v.*

ISAAC WELLS *et al.*

1 EVIDENCE—*parol*—*inadmissible to vary the terms of a written instrument.* In an action on a promissory note, where the defendant pleaded a verbal agreement

made with the payee, the plaintiff, at the time of making the note, that the payee would himself pay it at maturity: *Held*, that such an agreement constituted no defense to the action, for if allowed to be proved, it would contradict the terms of the instrument.

2. SAME. It is a well established rule, that a written instrument cannot be altered, changed, or varied in its terms, by parol evidence.

3. SAME—*what inadmissible—as varying terms of a written instrument.*—In an action on a promissory note, proof that some person, other than the maker, was in fact the payor; or of an agreement·that the payee would never collect the note, or that he would pay it himself, is inadmissible, as contradictory of the terms of the instrument.

4. PAYMENT—*what facts may be pleaded in proof of.* Where in an action on a promissory note, the defendant pleaded that when the note was given, the payee, plaintiff, had claims in his hands for collection, for defendant, and that plaintiff agreed that when he made such collections, the same should be applied in payment of the note, and that such collections had been made in amount sufficient to pay it: *Held*, that such plea was good as constituting a defense of payment, and that such facts might be given in evidence, either under a plea of payment, or perhaps under the general issue.

APPEAL from the Circuit Court of Cook County; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. J. S. PAGE, for the appellant.

Messrs. RICH & WATERMAN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, an a promissory note executed by Mercie H. Miller and Thomas C. Thompson to Isaac Wells and John Sears, for the sum of $350, due in sixty days, and bearing date on the 17th of September, 1860. The declaration contained a special count on the note and the usual common counts. Defendant Mercie H. Miller, filed the general issue and three special pleas. Thompson was not served with

process. The first of these averred, that Mercie H. Miller was administratrix of J. C. Miller, dec'd; that as such, she had a large claim against plaintiffs for an amount largely exceeding their demand set forth in their declaration; that she being desirous of realizing $350 thereof, applied to plaintiffs for that purpose; that they agreed that if she would execute the note with Thompson as security, they would procure for her that sum, and by the time the note matured they would pay her upon the demand she held against them a sum sufficient to pay the note; that relying upon the agreement, she was induced to give the note; whereupon plaintiffs procured the money and let her have it; but that plaintiffs have failed to pay her a sum sufficient to meet the note.

The third plea avers the same facts as to the giving the note and the agreement of plaintiffs to pay the sum necessary to meet it at maturity, as is alleged in the second plea, except that it avers that the note was to be a satisfaction of $350, on the claim held by her against plaintiffs; that she is ready and willing and ever has been to allow the amount on the demand which she holds as administratrix against plaintiffs. The fourth plea contains the same averments as to the plaintiffs' indebtedness to her, and her desire to realize three hundred and fifty dollars thereon and the agreement as set forth in the other pleas. The plea further avers, that to induce her to execute the note, plaintiffs represented to her that they had sold the lumber for which she held the claim, to responsible persons, and by the maturity of the note they would realize from such sales and furnish her a sum sufficient to meet the note at maturity; that plaintiffs in fraud of their agreement failed and refused to furnish a sum sufficient, or any sum, to pay the note; and that she executed the note by reason of these false and fraudulent representations.

To the special pleas plaintiffs filed a demurrer, on which there was joinder. The court sustained the demurrer; and defendant abiding by her pleas, and not answering over, the

court assessed plaintiffs' damages at $477, and rendered judgment for that sum, with costs, against defendant.

The assignment of errors questions the correctness of the decision of the court below in sustaining the demurrer to the special pleas. Does either of these pleas present a defense to this action? There is no pretense, that they are pleas of failure of consideration, as they admit that appellant received the sum of money mentioned in the note, from appellees. They are not pleas of payment, as they fail to aver that appellees had collected, and appropriated to their use under the agreement, the amount of the note, from claims for lumber sold by them, and which when collected was coming to her as administratrix of J. C. Miller, deceased. Had the pleas contained such an averment, although informal, they might have been treated as amounting to pleas of payment. The pleas are not, in form, nor are they in substance, pleas of set off. They do not offer to set that amount off against the demand she held against appellees. And if they had, they would have still been defective in substance, as it is not averred, that appellees were liable for the payment of any portion of her demand against them. Nor was that demand, if due and payable, owing in the same right. If due, it was owing to her individually, as administratrix, and the note sued upon was owing to appellee, from her and another. These pleas, therefore, cannot be treated as pleas of set off.

When stripped of all verbiage, they amount simply to a verbal agreement that the payees of the note in contradiction of its terms would pay it to themselves at its maturity. Suppose the pleas had set up an agreement, that some third person had promised verbally, when the note was executed, that he would pay it at maturity, and appellees had at the time agreed to look to him for payment; would it be contended that such an agreement was a defense by the makers? Surely not. It would not, because it would violate a well established rule that a written agreement cannot be altered, changed or varied in its terms by parol evidence. And it would unquestionably be to alter or

7—46th Ill.

vary a note to prove that some other person than the maker was in fact the payor. Such an agreement could not be set up as a defense, nor could a parol agreement, that the payee would never collect the note. Such an agreement would contradict the plain terms of a written instrument. And an agreement of the payee that he will pay the note himself would be equally contradictory.

Had these pleas averred that when the note was given, appellees had claims in their hands for collection for appellant and, that when they made such collections before maturity of the note, or before its payment, such collections should be applied toward its extinguishment, and that such collections had been made in amount sufficient to discharge the note, then it would have constituted a defense as a payment. And such facts might no doubt have been given in evidence under a plea of payment, or it may be under the general issue. 1 Chit. Pl. 478. We are unable to see, that these pleas, or either of them, constituted a defense to the action. The demurrer was therefore properly sustained; and the judgment of the court below must be affirmed.

*Judgment affirmed.*