# HENRY WEAVER, Admr.

## *v.*

## PETER FRIES.

1. CONTRACT *in writing—contemporaneous verbal agreement not to enforce it—consideration.* A plea to an action on a promissory note alleged that the payee, being the father of defendant's wife, advanced to defendant and his wife the sum mentioned in the note, as an advancement to his daughter,

and that defendant thereupon executed the note, and that its only consideration was the money so advanced to defendant and his wife; and that, before, etc., it was expressly understood and agreed by and between the payee and defendant that the latter should never be required to pay the note or any part thereof; that the note was given merely as a memorandum of the said advancement, and for the purpose of attesting the same, and for no other purpose, and that, after the execution of said note, the payee, on divers times, etc., in conversations had with defendant and others, disclaimed all intention of holding the defendant liable on said note, and expressly declared and asserted that defendant should never be required to pay the same or any part thereof, etc: *Held*, on general demurrer, that the plea presented no defense, as it only set up a contemporaneous parol agreement different from the tenor of the note, and did not amount to a plea of want or failure of consideration.

2. CONTRACT—*varying written, by parol.* The terms of a written contract can not be varied, altered or changed by parol evidence. When reduced to writing, the prior and contemporaneous verbal agreements of the parties are merged in the writing, from which alone is to be determined the terms and conditions of the contract, and the liability of the parties.

3. CONSIDERATION—*promise without, is not binding.* The declaration or promise of the payee of a note, that he will not collect the same, or any part thereof, without any consideration therefor, is a mere *nudum pactum.*

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. C. F. NŒTLING, and Mr. R. A. HALBERT, for the plaintiff in error.

Mr. JAMES M. DILL, and Mr. WM. C. KNEFFNER, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit. The declaration contained two counts—a special count on a promissory note, and a consolidated common count. The substance of the special count is, that the defendant, in the lifetime of Frederick Weaver, on, to-wit: the 6th day of May, 1867, made and delivered his promissory note of that date to Frederick Weaver, and thereby promised to pay to the order of said Weaver, one day after the date thereof, the sum of $400, with interest, after due, at the

rate of ten per cent per annum. To the declaration, the defendant interposed two pleas—first, the general issue; second, a special plea, which, in substance, averred that the plaintiff's only and sole cause of action is the promissory note in the first count of the declaration; that, at the time said note bears date, to-wit: on the 6th day of May, 1867, the said Frederick Weaver, who was then and there the father of defendant's wife, being desirous of making an advancement to his daughter, the wife of this defendant, he, the said Frederick Weaver, then and there gave and advanced to this defendant and his said wife the said sum of $400, and that this defendant thereupon executed said note, and delivered the same to the said Frederick Weaver, and that the sole and only consideration of said note was, and is, the money so advanced to this defendant and his wife as aforesaid; and defendant avers that, before and at the time of the execution of said note, it was expressly understood and agreed, by and between the said Frederick Weaver and this defendant, that this defendant should never be required to pay said note or any part thereof, and that said note was given merely as a memorandum of said advancement and for the purpose of attesting the same, and for no other and different purpose whatever; and defendant further avers that, after the execution of said note as aforesaid, and before the death of the said Frederick Weaver, he, the said Frederick Weaver, on divers occasions and times, in conversations had with this defendant and divers other persons, disclaimed all intention of holding this defendant liable on said note, and expressly declared and asserted that this defendant should never be required to pay the same or any part thereof, and this the defendant is ready to verify.

The *similiter* was added to the first plea, and to the special plea a general demurrer was filed, which the court overruled, and rendered judgment against the plaintiff for costs, to be paid in due course of administration.

Under our statute, the want of consideration or a failure of consideration of a promissory note may be pleaded, and may be proven by parol evidence, although the instrument, upon

its face, contains the statement that the promise was made for a valuable consideration; but the special plea in this case can not be regarded as one setting up as a defense an original want of consideration, because it expressly states the note was given for $400 advanced by Weaver, the payee, to the defendant and his wife. The money actually received by the defendant was the consideration for which the note was given. Nor can the plea be regarded as one of failure of consideration. It is not averred that the note was given for a certain consideration, which has since failed in whole or in part. It is evident, from the plea, if the consideration upon which the note was given, when executed, was valid, and sufficient to support the promise, it is valid still. The plea, when you lay aside irrelevant statements, and consider its real substance, amounts to this, that it was verbally agreed, before and at the time the note was executed, by the defendant and the payee of the note, that the defendant should never be required to pay the note or any part thereof. If such an agreement was made, can it be regarded as a legal defense to the note? In the consideration of this question, the inflexible rule of law must be borne in mind, that the terms of a written contract can not be varied, altered or changed by parol evidence. Where a contract has been reduced to writing, the prior and contemporaneous verbal agreements of the contracting parties are merged in the written instrument, and resort can only be had to the instrument itself to determine the terms and conditions of the contract and the liability of the parties.

In *Kirkpatrick* v. *Taylor*. 43 Ill. 207. which was an action upon a promissory note, the defendant pleaded that the note was given to secure the support and maintenance of Elizabeth Kirkpatrick, the widowed mother of one of the makers, during her natural life, with an agreement that it should be surrendered, at her death, as null and void. On demurrer to the plea, it was held, that the facts showed a defense to the note, if they had been pleaded as an original want of consideration, on the ground that natural affection does not constitute a valid consideration for a promissory note; but it was there said:

"The plea does not rely upon this principle, but seems to treat the note as originally valid, but defeated, by virtue of the parol agreement, through the death of Mrs. Kirkpatrick. The effect of the note, if it had been originally valid, could not be destroyed by this parol agreement changing its terms."

In *Walker* v. *Crawford*, 56 Ill. 444, which was also a suit to recover the amount of a promissory note, where a similar question arose, it was held, that the maker of an absolute note can not show, against the payee, an oral, contemporaneous agreement which makes the note payable only on a contingency.

In *Miller* v. *Wells*, 46 Ill. 46, which was an action upon a promissory note, the defendant pleaded a verbal agreement, made with the payee at the time of making the note, that the payee would himself pay the note at maturity. In deciding the question as to the sufficiency of the plea, it was said: "When stripped of all verbiage, the pleas amount simply to a verbal agreement that the payees of the note, in contradiction of its terms, would pay it to themselves at its maturity." It was also held, in an action on a promissory note, proof that some person other than the maker was, in fact, the payor, or of an agreement that the payee would never collect the note, or that he would pay it to himself, is inadmissible as contradictory of the terms of the instrument. No essential difference is perceived, so far as principle is concerned, between the pleas held to be bad in the case cited and the one in this case. Here, as in the case of *Miller* v. *Wells*, the defense relied upon was, a parol agreement, made at the time the note was executed, that the defendant should never be required to pay the note.

*Harlow* v. *Boswell*, 15 Ill. 56, is an authority directly in point. There, it was set up, in a special plea, that it was agreed between the payee and defendant, at the time of the execution of the note, that it should not become due and payable until the latter should sell a certain quantity of vegetable tonic, and the right to vend the tonic in Monroe county formed the only consideration for the note; that the defendant had not sold any of the tonic, nor could he have sold any by the use

of due diligence. It was there said: "There is a fatal objection to the plea. It attempts to vary the terms of a written instrument by the parol declarations of the parties, made at the time of its execution. This is wholly inadmissible. Where parties commit their contract to writing, the writing forms the only evidence of its terms." Other authorities, where the same principle has been decided, might be referred to, but the doctrine seems to be so well established that the facts set up in the plea constitute no legal defense to the action, that we do not regard it necessary to consume time in the examination of other cases.

There is, however, another ground upon which the defendant claims the plea may be sustained. It will be observed that, in the concluding part of the plea, it is averred that the payee of the note, on divers times, in conversations with defendant and others, disclaimed all intention of holding said defendant liable on the note, and asserted that the defendant should never be required to pay the same or any part thereof. If the payee of the note had agreed to release the defendant from payment, upon a sufficient consideration, the agreement would have been binding, and might have been pleaded; but a bare declaration by the payee that he would not collect the note, or a promise not to enforce payment, without consideration, is mere *nudum pactum*. *Crawford* v. *Millspaugh*, 13 Johns. 87; *Benjamin* v. *McConnell*, 4 Gilm. 545.

It is not pretended by the pleader that the declarations of the payee of the note, that he would not hold the defendant liable, were based upon a consideration; and, as the plea fails to contain this essential element, we perceive no ground upon which it can be sustained.

We are of opinion the plea did not disclose a legal defense, and it was error to overrule the demurrer, for which the judgment will be reversed and the cause remanded.

*Judgment reversed.*