### Onyx Soda Fountain Co. v. Druggists' Circular Co.

1. CONTRACTS—*When in Writing, Not to be Varied by Parol Evidence.*—The terms of a written contract can not be varied, altered or changed by parol evidence.

2. SAME—*Prior and Contemporaneous Verbal Agreements.*—Where a contract has been reduced to writing, all prior and contemporaneous verbal agreements of the contracting parties in relation to it are merged in the writing, and resort can only be had to such writing to determine the conditions of the contract and the liabilities of the parties.

3. APPELLATE COURT PRACTICE—*Errors Cured by Additional Records.*—The fact that the original record filed in the Appellate Court shows that one person, sworn as one of the jurors in the cause, did not join in the verdict, but that another did sign and join in the verdict but was not sworn to try the issues, constitutes a fatal error, but may be cured by bringing up an additional record in the form of an order of the trial court correcting the record as it originally stood.

Assumpsit, on a contract for advertising. Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. CHARLES A. BISHOP, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed October 27, 1899.

MAPLEDORAM & DUFFY, attorneys for appellant.

CUNNINGHAM, VOGEL & CUNNINGHAM, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal is from a judgment of the Circuit Court, recovered there upon an appeal from a justice of the peace court.

The basis of the suit is a written contract, as follows:

Onyx Soda Fountain Co. v. Druggists' Circular Co.

"The Druggists' Circular, 72 William St., New York,

CHICAGO, ILL., August 10, 1896.

Please insert our one-half page advertisement in The Druggists' Circular for six times, beginning November, 1896, for which we agree to pay to your order one hundred and ninety dollars, in monthly payments in advance. All matter for advertisements subject to your approval. You will not be held responsible for any statement or condition not written on this order. You may discontinue this advertisement and charge us at short rates as per schedule on back of this order if payments are not made as above. With privilege of discontinuing at end of three months to cost $114.

THE ONYX SODA FOUNTAIN Co.,

2515 State St.

HOWARD B. HAYDEN,

917 Royal Insurance Bldg., Chicago.

Per J. B. HERRON, Sec'y.

This order does not become binding until approved by the publisher.	H. J. S.

Enter 3 mo., $114.00.	HAYDEN."

Acting upon this contract appellant furnished advertisements and "cuts" for the November and December, 1896, numbers of the publication for those months (it being a monthly circular), and the same were published by appellee and paid for by appellant.

One contention is that the writing does not constitute a binding contract for lack of mutuality. If there be any defect in the writing, as a contract, it was cured by both parties acting under it.

The advertisement furnished by appellant for the months of November and December included "cuts" of fountains, which, as soon as used, were returned to appellant at its request. For the next four months no "cut" appeared, but the descriptive or verbal matter of the advertisement for December was reproduced, with a reference to the December number for the design or "cut" there appearing.

No objection to the advertisement, as it was published, was made by appellant until March 24, 1897, when it requested a notification as to the time of going to press, so a change in the illustration and copy might be made, but it

was then too late for the April number, and the issue for that month contained an advertisement substantially like the preceding ones, without a "cut."

We regard that what was done by appellee was a substantial compliance with the contract, and that if anybody was at fault in the matter it was the appellant.

The fair and reasonable construction of the writing is that appellee should insert a half page advertisement for six consecutive months, beginning with November, 1896, such advertisements to be furnished by appellant, subject only to it containing matter not injurious to the publication.

It thus became the duty of appellant if it wanted to change the advertisement in any particular to furnish such change in apt time for a forthcoming number of the circular. No such change was requested until in March, at a date too late for the April number. There is no good reason apparent in the record why appellant should not perform as he agreed to do.

It was not error for the court to refuse appellant's offer to prove a verbal agreement at and before the making of the writing that would tend to vary its terms. The writing expressed a complete agreement and its terms could not be contradicted or varied by extrinsic evidence.

It is an inflexible rule of law that "the terms of a written contract can not be varied, altered or changed by parol evidence. Where a contract has been reduced to writing the prior and contemporaneous verbal agreements of the contracting parties are merged into the written instrument, and resort can only be had to the instrument itself to determine the terms and conditions of the contract and liabilities of the parties." Weaver v. Fries, 85 Ill. 356.

The point was made and preserved by appellant's assignment of errors, and the original record filed here shows there was a mistrial of the cause, in that one C. Matthai was sworn as one of the jurors in the cause and that he did not join in the verdict; that one S. E. Haynes did sign and join in the verdict, but was not sworn to try the issues.

Such constituted fatal error, but appellee was subse-

quently permitted to bring up an additional record in the form of an order of the Superior Court correcting the record as it originally stood.

The additional record is enough to save the judgment from being reversed, but it can only be affirmed at the costs of appellee.

The order is that the judgment be affirmed at appellee's costs.   Affirmed at appellee's costs.