## Ida Halliday and Dollie Halliday, Administratrices, v. James B. Mulligan.

1. PAROL EVIDENCE—*when, competent to add to written instrument.* Where the court infers that the parties did not intend a particular writing to be a complete and final statement of the whole transaction between them, the existence of a separate oral agreement as to any matter on which an instrument is silent and which is not inconsistent therewith, may be shown.

2. PAROL EVIDENCE— *when, incompetent to add to written instrument.* A parol agreement which is wholly inconsistent with a written instrument will not be received in evidence to modify or add to the same.

Contested claim against deceased's estate. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

DAVID E. KEEFE and PEEBLES & PEEBLES, for appellants.

BELL & BURTON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Macoupin county where the cause was pending on an appeal from the County Court of said county, allowing a claim of appellee against the estate of William Halliday, deceased, of which appellants are administratrices, in the sum of $522. At the close of the trial the court peremptorily instructed a verdict for the plaintiff and judgment was rendered thereon.

The facts developed by the record are substantially as follows: One Bridget Mulligan, now deceased, was the owner of an eighty-acre tract of land in Macoupin county, Illinois, which was subject to a mortgage to James Smith for $1,200. By her will she devised the land to Patrick, her husband, for his lifetime, and then directed that at the termination of the life estate, James B. Mulligan, her son, should have $500 out of the land, and the remainder in fee

should go to " Bernard Henry Mulligan, the only son of
Bernard Mulligan, dec." After the death of Bridget Mul-
ligan, James Smith, the holder of the mortgage, foreclosed
the same and upon sale under the decree of foreclosure, on
November 7, 1895, a certificate of purchase was issued to
James Smith, Sr. Afterwards it was learned that Bernard
Mulligan had never had a son by the name of " Bernard
Henry," and that the only son he ever had was one Robert
B. Mulligan, who had died prior to the foreclosure proceed-
ings, leaving Eliza Robertson, his mother, and Mary Mulli-
gan, his sister, as his only heirs, who were not parties to the
foreclosure proceedings. Whereupon appellee filed a bill
to redeem, setting up the foregoing facts. All of the
parties in interest were made defendants to this proceed-
ing. Eliza Robertson and Mary Mulligan, as the heirs of
Robert B. Mulligan, filed an answer and a cross-bill, and
upon a hearing a decree was entered permitting a redemp-
tion of the land by these parties from the Smith mortgage
and giving thirty days additional time for this purpose.
The land was not redeemed from the foreclosure sale, and
on December 19, 1896, said Eliza Robertson and Mary Mul-
ligan conveyed all their interest in the land to appellee for
a consideration of seven hundred dollars, which was paid
by appellants' intestate, William Halliday, and on January
4, 1897, by warranty deed, appellee conveyed all his inter-
est in said lands to said William Halliday. All of said
deeds were recorded on January 8, 1897. The master in
chancery on February 10, 1897, executed a deed for said land
to said Halliday to whom the certificate of purchase, which
had been issued to said James Smith, Sr., had been assigned.

On January 14, 1897, Halliday executed and delivered to
appellee the following instrument in writing:

" SHIPMAN, ILLINOIS, January 14, 1897.
In consideration of a contract made by myself and James
B. Mulligan, I agree to give to said James B. Mulligan
five hundred dollars when I sell the land owned by me,
described as follows: The northwest quarter of the south-
east quarter, and the northeast quarter of the southwest
quarter of section numbered two (2), in township numbered

seven (7), range number (9) west of the third principal meridian, Macoupin County, Illinois.

Witness my hand and seal this 14th day of January, 1897.
WILLIAM HALLIDAY.   (SEAL.)"

William Halliday died on April 25, 1901, and the land men·tioned in said contract which was subject to a mortgage of $2,300 executed by Halliday, was sold by appellants, as administratrices, under a decree of the County Court, on June 29, 1901, at public sale for cash, and was purchased by Annie Halliday, a daughter of said William Halliday, for the sum of $2,000.

The claim of appellee is predicated upon the written instrument above set forth and the defense interposed thereto is that of a failure of the consideration for which the agreement was executed.  In support of said plea appellants offered to show by the witness James Peebles, that he heard a conversation between appellee and Halliday before the execution of the contract, and that they then said to witness that they had a contract whereby Halliday was to pay $500 to appellee when he should sell the land referred to, but that the $500 was not to be paid until Halliday should first receive the sum of $2,300, which he had advanced to redeem the land from the foreclosure sale, aforesaid, and legal interest to the time of sale.  Appellants offered also to prove the same conversation by the witness Thomas Lyons.  No other evidence tending to prove a failure of consideration was offered or introduced.  To the introduction of testimony as to the above conversation, appellee objected on the ground that it was an effort to show by parol testimony another contract, by its terms opposed to the contract in writing.  The court sustained the objection, holding that it was an attempt to vary the terms of a written contract by parol evidence by showing that the obligation which the deceased undertook was a different one from that stated in the written contract.  A determination of the question as to the correctness of the above ruling of the Circuit Court will dispose of all errors assigned in this case.  If the trial court should have admit-

ted the testimony of the witnesses referred to, the judgment of the lower court should be reversed. If it ruled correctly in excluding the same, the judgment should be affirmed.

Appellants contend that the contract shows upon its face that some other contract or agreement is an essential and integral part of it; that the parol evidence offered tended to establish the existence of such additional agreement and the terms thereof, and that it was competent for that purpose. While it is the law that when the court infers that the parties did not intend the writing to be a complete and final statement of the whole of the transaction between them, the existence of a separate oral agreement as to any matter on which an instrument is silent and which is not inconsistent therewith may be shown, (Steph. Dig. Ev., sec. 90,) we are of opinion that such inference cannot reasonably be drawn from the instrument here in question. It seems on its face to be a complete and unequivocal agreement by the terms of which Halliday was to pay $500 to appellee whenever the land therein described should be sold by him. The parol agreement sought to be established is wholly inconsistent therewith. All prior or contemporaneous verbal agreements must therefore be regarded as merged therein. Weaver v. Fries, 85 Ill. 356; Gould v. Metal Co., 207 Ill. 172. The conversations tended to restrict, contradict or vary the terms of the written contract and were consequently incompetent and the court properly refused to admit them in evidence.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*