### G. E. Clinton, Defendant in Error, v. Rhoda Royal, Plaintiff in Error.

#### Gen. No. 21,474.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Hugh J.
Kearns, Judge, presiding.    Heard in the Branch Appellate Court
at the October term, 1915.    Reversed and remanded.    Opinion filed
January 17, 1917.    Rehearing denied January 29, 1917.

### Statement of the Case.

Action by G. E. Clinton, plaintiff, against Rhoda
Royal, defendant, on two judgment notes for $250
each, drawn by defendant and made payable to one
Seaver, and by him indorsed in blank. From a judg-
ment against him on a directed verdict, defendant
brings error.

The notes in question were judgment notes signed
by the defendant, and on the back of each appeared the
following order:

"Chicago, Ill. March 14th, 1914.

"Treasurer,
        Young Buffalo Wild West Co.
"Please pay to the order of Vernon C. Seaver Two
Hundred and Fifty ($250.00) Dollars, and charge same
to my 1913 account.

                            Rhoda Royal."

The date and the amount named in those orders were
identical with the date and the amount named in the
promissory notes.

The defendant testified that the Young Buffalo
Wild West Company owed him $1,700 for services dur-
ing the year 1913; that he considered Seaver as the
owner of the show; that he had done all his business
with him; that at the time the notes were made, Sea-
ver gave him $500 on account, and expressly agreed to
look to the show for reimbursement, and that defend-

ant would not have to pay the notes; that he (Seaver) would get the $500 from the show; that the defendant was about to attach the show for the amount due him, and that Seaver advanced the $500 with the tacit understanding that the attachment would not be made, and that it was not made, and that he credited the account of the show with the $500 which he had received. All of this testimony was stricken out. Counsel for defendant also made the following offer:

"Your Honor, I want to show the schedules filed and sworn to on behalf of the Wild West Company, a corporation in bankruptcy, that they scheduled their indebtedness to this defendant at $1,200, showing the payment less the $500 which appears upon these notes."

This offer was objected to, and the evidence excluded as immaterial.

ADOLPH MARKS, for plaintiff in error.

WHEELOCK, NEWEY & MACKENZIE, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 251*—*when purchaser after maturity without consideration is charged with notice of defenses pleadable against payee.* A purchaser of judgment notes after maturity and without consideration is charged with notice of any defenses pleadable against the payee, unless title is procured from a person standing in the position of a bona fide purchaser without notice.

2. BILLS AND NOTES, § 18*—*when designation of particular account to be debited with amount of judgment notes does not render them conditional.* Under the Negotiable Instruments Law, sec. 3 (J. & A. ¶ 7642), notations on the backs of judgment notes designating a particular fund to be debited with the amounts of the notes do not render the notes conditional.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3.  BILLS AND NOTES, § 431*—*when parol evidence is inadmissible.*
Evidence as to a conversation had at the time notes are executed
is inadmissible for the purpose of varying the terms of the notes
themselves, or for the purpose of showing an agreement that de-
fendant would not be liable according to their terms.

4.  BILLS AND NOTES, § 426*—*when bankruptcy schedules are
erroneously excluded in action on judgment notes.* In an action
on two judgment notes given by an employee of a circus to the
manager thereof, on the backs of which were notations directing
the treasurer of the company to pay to the manager the amounts
thereof and charge to the maker's account, and there was evidence
that the manager had expressly agreed to look to the circus for
reimbursement and that defendant would not have to pay the
note, *held* that schedules filed in bankruptcy by the circus com-
pany showing that the indebtedness to the defendant had been
reduced by the amount of such notes were admissible in evidence,
especially in view of the fact that the payee had the entire control
and management of all the affairs of the bankrupt company.