Hinsdale State Bank, Appellee, v. Albert P. Lytle, Appellant.

Gen. No. 34,833.

Opinion filed June 22, 1931. Rehearing denied July 6, 1931.

LOUCKS, ECKERT & PETERSON, for appellant; TOM LEEMING, of counsel.

SHORT, ROTHBART, WILLNER & LEWIS, for appellee; EDWARD ROTHBART, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff, the payee of a promissory note, brought an action against the defendant, the maker, to recover $1,500, the face of the note with interest. There was a trial before the court without a jury and a finding and judgment in plaintiff's favor for the amount of its claim, viz., $1,607.42.

The defendant contends that the judgment is wrong and should be reversed because the evidence shows that the note was without consideration, and that the finding and judgment in favor of plaintiff is against the manifest weight of the evidence.

The record discloses that prior to 1925 the defendant was a stockholder, a director, and the cashier of the plaintiff bank; that before defendant became connected with the plaintiff he had been employed by Crandall & Co., a corporation, which dealt in commercial paper; that after his connection with plaintiff bank it purchased from Crandall & Co. $31,000 worth of commercial paper and sold $20,000 of this to customers of the bank; that shortly thereafter Crandall & Co. was in financial difficulty and on January 26, 1925, plaintiff's board of directors met to consider what should be done in regard to the $20,000 worth of commercial paper. All the evidence is to the effect that it was unanimously agreed that the bank should recall the $20,000 worth of commercial paper from the persons to whom it had been sold, giving them the amounts that they had paid respectively in money or other securities; that this would be to the best interest of the bank, which was located in a small community; that at that time it was further unanimously agreed by the directors that the $20,000, or such part of it as might be necessary, ought not to be taken from the surplus of the bank, but that each of the eight directors should execute his note in the sum of $2,500 payable to the bank, due on demand, without interest; that

the bank would loan each of the directors the $2,500 on his note; that at that time it could not be ascertained how much would be received from Crandall & Co., which was about to be placed in charge of a committee of its creditors. Thereupon the following resolution was adopted: "Written requests were presented from the following directors for collateral loans of $2,500 each, upon the several notes of said directors payable on demand, each note to be secured by twenty-five hundred dollar par value of 6 per cent Collateral Trust Gold Bonds of Crandall and Company, Inc., viz: E. A. Amacker, Randall W. Burns, Lawrence P. Conover, Walter Davidson, John C. Fetzer, Albert P. Lytle, Charles E. Raymond and John C. Wood. On motion duly seconded said requests were granted and the above loans approved." Each of the directors then executed his note for $2,500, payable to the bank on demand.

The evidence further shows that afterwards the defendant as cashier of the bank carried out the instructions of the directors, called in its customers, received from them the securities and paid them the $20,000; that afterwards dividends were paid by Crandall & Co. to the bank and they were credited pro rata on the eight notes given by the directors; that the bank made its report to the bank examiner, showing it held the eight notes as a part of its assets, and reports to this effect were published as required by law; that in 1928 the bank examiner complained about the notes being long overdue, and each of the directors on July 2, 1928, made his note for $1,500, being the balance unpaid on the original note after crediting the dividends received from Crandall & Co., payable to the bank with interest at 3 per cent. On the note made by defendant plaintiff sues. The evidence further shows that each of the directors, except the defendant and another, paid his $1,500 note.

There is a dispute in the evidence as to what was said by the directors at their meeting on January 26, 1925. Defendant's version of the matter, as testified to by himself and another director, is that it was understood and agreed by all of the directors of the bank that the bank would never call upon the makers of the notes to pay them or any part of them, but that after all dividends received from Crandall & Co. were applied towards the payment of the notes, the balance, if any, would be charged to the bank and not to the individual directors. Other directors testified, denying that anything was said that the notes would not have to be paid by the makers of them. The court found in favor of the plaintiff, thereby finding in effect that there was no agreement by the directors that the notes should not be paid by the makers of them.

We have carefully considered all the evidence in the record and while the question in dispute is not free from difficulty, yet we are of the opinion that we would not be warranted in holding that the finding is against the manifest weight of the evidence.

The defendant contends that the note was without consideration and therefore there is no liability to the bank. In support of this the argument is that the bank was under no obligation to purchase the $20,000 commercial paper; that defendant did not owe the bank anything; and that since there are no rights of creditors involved, the bank was benefited by the giving of the note and therefore cannot recover. We think the contention that the note was without consideration cannot be sustained. The defendant was a stockholder, a director, and the cashier of the bank; it was to his interest to see that the assets of the bank would not be impaired by taking $20,000 of its funds to pay its customers for the Crandall Co. paper. Anything that would tend to advance the standing of the bank in the community was of benefit to the stockholders. In

*Tegtmeyer v. Nordlund,* 259 Ill. App. 247, in considering the question of the consideration of a note, we referred to the case of *Straus v. Citizens State Bank,* 164 Ill. App. 420, affirmed in 254 Ill. 185 (which is cited by the defendant here), and said that the note involved in the *Straus* case was an accommodation note and without consideration. We then referred to *State Bank of West Pullman v. Hovnanian,* 250 Ill. App. 144, and said: "There, as here, the note was given by one of the directors to make good an impairment of the bank assets due to the inclusion therein of certain worthless paper. It was held that such note was not for accommodation but was given for a valid consideration for the purpose of making good the impairment of the bank's capital and thus restore its solvency and avoid the necessity of levying an assessment against the stockholders." What we there said is pertinent here and we hold that the note here was not without consideration. The case of *Ruvenacht v. German-American Bank,* 287 Ill. 266, cited by the defendant, is not in point because the note involved in that case was without consideration. It was made and delivered by Ruvenacht to the defendant bank to take the place temporarily of another note held by the bank so that the bank examiner would be satisfied. Ruvenacht was in no way connected with or indebted to the bank to which he gave his note. The note was purely an accommodation.

The note in suit not being without consideration, parol evidence was not admissible to vary its terms. *Hesch v. Dennis,* 194 Ill. App. 663; *Clinton v. Royal,* 203 Ill. App. 248; *Bradley v. Progressive Metal & Refining Co.,* 205 Ill. App. 552; *First National Bank of Beecher v. Wolf,* 208 Ill. App. 283; *Weinstein v. Sprintz,* 234 Ill. App. 492; *Handley v. Drum,* 237 Ill. App. 587; *Tegtmeyer v. Nordlund,* 259 Ill. App. 247; *Miller v. Wells,* 46 Ill. 46; *Mason v. Burton,* 54 Ill. 349,

In the cases cited it is held that, in an action to recover on a promissory note absolute on its face, evidence of an oral contemporaneous contract in contradiction of the note is inadmissible. In the late case of *Tegtmeyer v. Nordlund, supra,* we said, p. 251: "We are of the opinion that parol testimony to the effect that defendant was told that he would not have to pay the note was inadmissible as tending to vary the terms of the written instrument. The note says, 'Four months after date I promise to pay.' The testimony that it was stated that the bank would take care of it tends to contradict this agreement. In *Handley v. Drum,* 237 Ill. App. 587, the court considered this question with a thorough study of many cases." We then quoted with approval the rule stated in the *Handley* case. In the instant case the note says, "On demand after date for value received I promise to pay." The offered testimony of the defendant's witnesses, that it was stated by the directors at their meeting that they would not have to pay the notes but that the bank would assume any deficiency there might be after receiving the dividends from Crandall & Co., contradicts the express words of the note quoted and, since the note was not without consideration, this cannot be done under the parol evidence rule.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

MATCHETT and McSURELY, JJ., concur.