## JOHNSON *vs.* BALDWIN.

A continuance will be granted in order to give a party an opportunity of compelling a witness in another State to answer interrogatories, even in the absence of knowledge on the part of the Court, as to whether the laws of such State will furnish the compulsory process or not.

Motion for Continuance, in Randolph Superior Court. Decided by Judge PERKINS, at November Term, 1859.

Jacob Johnson filed a bill in equity against Moses H. Baldwin, alleging that said Baldwin had previously sold to one Sikes a lot of land, taking his notes for the purchase-money, which notes Baldwin had transferred for value ; that complainant had purchased said lot from Sikes and paid him for it, and that Baldwin had recently commenced his action of ejectment to recover said land, etc.

When the case was called for trial, complainant moved to continue the same, on the ground that previous to the last Term of the Court, he had sued out a commission to take the testimony of Benajah Bass, a resident of the State of Alabama, which had not yet been returned executed. That he had sent the interrogatories to the witness by mail under a promise from him that he would have them executed and returned. They were returned unanswered—the witness declining to answer them ; that since last Court he had received another letter from Bass, promising to answer them if they were sent over. Accordingly complainant dispatched

two men with them, who returned on the Saturday night before the present term of the Court with the interrogatories unanswered—the witness refusing to answer them.

Complainant asked to continue the case, that he might employ counsel in Alabama and compel Bass to answer.

He expected to prove by Bass that Baldwin had repeatedly told witness that he had received the pay for the land in dispute from Sikes.

The Court overruled the motion and required the cause to proceed, and counsel for complainant excepted.

HOOD and ROBINSON, for plaintiff in error.

DOUGLASS & DOUGLASS, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

We think the continuance ought to have been granted. The testimony sought was most material, and the complainant seems to have used diligence to get it. The suggestion was, not that he had been deficient in diligence, but that, so far as we know, he has exhausted his power, and has no assurance of being able to get the evidence hereafter; for, it was said, we do not know that the laws of Alabama provide for process to compel a witness resident there to answer interrogatories from another State. We think they do furnish such process; but we surely do not know that they do *not*, and it is but fair that the party should have an opportunity to test it.

Judgment reversed.