## WALKER EUBANKS

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CONTINUANCE — *requisites of an affidavit therefor.* Where a party who is indicted for an assault with intent to murder, desires a continuance on account of the absence of witnesses by whom he expects to prove facts connected with the alleged assault which will exculpate him, the affidavit for the continuance should show what means the witnesses had of knowing what occurred; and where the witnesses reside out of the State, it should show the grounds of his expectation of procuring their testimony at a future time.

2. INSTRUCTIONS — *evidence — jury.* It is not error for the court to refuse to instruct the jury as to the weight of evidence, as it is their province to consider it.

3. SAME. Where the indictment charged that the accused made an assault with the intent to "kill and murder," and the court instructed, that, if the jury found from the evidence that he made the assault with intent to "kill or murder," as charged in the indictment, they should convict, — *held,* that this was not error, especially when another instruction given stated it correctly.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an indictment found by the grand jury of Livingston county, and returned to the October Special Term of the Circuit Court of that county, against Walker Eubanks. It charged him with an assault with intent to murder one James M. Donaldson. He entered a plea of not guilty, after being arraigned.

Defendant entered a motion for a continuance founded on an affidavit of the absence of material witnesses. The court overruled this motion and the defendant excepted. On the day following, and at the term at which the indictment was

found, defendant was put upon his trial before the court and a jury.

After hearing the evidence, the jury found the defendant guilty, and fixed the term of his confinement in the penitentiary at eight years. He thereupon entered a motion for a new trial, which the court overruled, and rendered judgment on the verdict; and he prosecutes this writ of error to reverse that judgment.

Messrs. Bangs & Shaw and Neville & Clark, for plaintiff in error.

Mr. C. Blanchard, State's attorney, for the people.

Mr. Chief Justice Walker delivered the opinion of the Court:

It is insisted, that the court below erred, in overruling a motion for a continuance, entered by plaintiff in error. The motion was based on this affidavit: "Walker Eubanks, the defendant in the above entitled case, being duly sworn, upon his oath deposes and says, that he cannot safely proceed to the trial of the above entitled cause at the present term of court, on account of the absence of one Edward Conners, and Charles Conners, material witnesses on the part of defendant, and that said witnesses are somewhere on the road to Kansas, as affiant has just been informed and believes, and that he expects to prove by said Edward Conners and Charles Conners, that he did not make an assault on the said James M. Donaldson, and did not go there with intent to do mischief, and that the shooting was at a dog and not at James M. Donaldson, or any other person, and that he knows of no other person or persons, by whom he can prove the above stated facts; and deponent further says that he has had a subpœna issued out of the Circuit Court and returned not found; that he has not had time to procure the testimony of said Edward and Charles Conners, and that he expects to procure the testimony of said witnesses at the next term of this court, and that this application for a

continuance is not made for delay, but that justice may be done." The affidavit was properly entitled in the cause.

It will be observed, that this affidavit is very general in its statements. It does not state that these persons were present when the difficulty occurred, or any facts or circumstances by which the court could see, how they could know or prove the statements contained in the affidavit. Nor does it state when, if ever, these persons expected to return to the State, or that he had any information, or expectation on the subject. Had the witnesses been residents of the State, and amenable to the process of the court, the statement would no doubt have been sufficient, as the court could then have seen how the testimony could have been procured at the next term, but it is otherwise when a witness is beyond the limits of the State, as in such a case the party applying for a continuance should state the grounds of his expectation, so that the court may determine whether it is reasonable; and when stated, if it seems probable that the evidence can be obtained, and if material, the motion should be allowed. But if when the grounds of the expectation are disclosed, it appears there is no reasonable probability that the attendance of the witness can be had, the motion should be refused.

It is, however, insisted, that the court erred in refusing a portion of the instructions asked by plaintiff in error. Whether these instructions announced correct principles or not, they were not accurately drawn. The objection to them is, that they ask the court to inform the jury, as to the weight or value of evidence. It is for the jury and not the court to determine what evidence proves or tends to prove, and yet these instructions state that certain evidence prove or tend to prove certain facts. Had they been given they would have encroached upon the province of the jury. In refusing to give them the court committed no error.

Again, the instructions which were given for the accused seem to be fair and full, and present the law arising on the facts of the case. Under them the jury were required to consider all the facts material to his defense, and to give him the

benefit of every doubt. They could not have misled the jury and they covered the whole case.

It is again objected, that the court erred in giving the first of the people's instructions. It informs the jury, that, if defendant made an assault with a pistol with intent to "kill or murder" Donaldson, as is charged in the indictment, they should find the defendant guilty. The indictment charges that the intent was to "kill and murder," so that when the jury turned to it they necessarily saw that the offense was charged in the conjunctive, and the instruction informed them that they must believe that the act was done as charged in the indictment. We are therefore of the opinion that this instruction, although not strictly accurate, was so modified by reference to the indictment that it could not have misled the jury. Again, by the second of the people's instructions the jury are informed that if they believe the assault was made with intent to murder they should convict. We must presume that the jury considered all of the instructions given, and based their verdict on all and not a portion, when considered with the evidence, and if they did so in this case the second instruction relieved the first from difficulty, especially when they referred to the charge in the indictment.

Upon this record we perceive no error, and the judgment must be affirmed.

*Judgment affirmed.*