### BROWN *vs*. THE STATE OF GEORGIA.

1. That persons discussed a case on trial near the jury, will not be ground for a new trial where it appears that the jury did not hear anything that was said which could have influenced their finding.

2. Although there may have been minor inaccuracies in the charge as excepted to, when construed as a whole there appears to be no error which would require a new trial.

(*a*) It is the better practice to have the grounds of a motion for new trial correct in themselves before granting a rule *nisi*, and not to refer to the entire charge to qualify them.

3. While the general rule is that cases will not be continued on account of the absence of witnesses outside of the reach of the compulsory process of the court, yet where there has been no want of diligence, and the witness has promised to attend, his testimony being of great materiality, if the application is not made for delay only, but there is a reasonable expectation of procuring the testimony within a reasonable time, the case should be continued or post-poned to a day certain, so as to give an opportunity to obtain it.

(*a*.) Continuances are generally within the sound discretion of the pre-siding judge, but in this case the court based its ruling on the general rule stated above, which it held to be inflexible.

Criminal law.   Jurors.   Charge of Court.   New trial. Continuance.   Before Judge SPEER.   Pike Superior Court. April Term, 1880.

To the report contained in the decision it is only neces-sary to add that one ground of the motion was predicated on the fact that several persons were discussing the case near where the jury were at dinner, and some opinions, adverse to the prisoner, were expressed.   From the affi-davits, however, it appears that the jury heard nothing beyond the mere fact that the case was under discussion.

STEWART & HALL; BOYNTON & HAMMOND; J. A. HUNT; F. L. HARALSON, for plaintiff in error.

F. D. DISMUKE, solicitor-general; HUNT & JOHNSON, for the state.

JACKSON, Chief Justice.

The defendant was indicted for the crime of murder, and was found guilty of manslaughter, and sentenced to fifteen years imprisonment in the penitentiary. He made a motion for a new trial on various grounds therein alleged, affecting the charge of the court and irregularities of the jury, but mainly on the ground that the court committed error in refusing to grant his application for a continuance.

1. 2. There seems to have been no irregularity either of the jury or the bailiff, and no word spoken in *their hearing* which could have affected their verdict. There may have been inaccuracies in the charge of the court as to the portions excepted to, considered by themselves, but construed in the light of the entire charge, they do not seem to be of that gravity which would imperatively require the grant of a new trial, especially in view of the evidence before the jury.

In a note to many of the grounds which he certifies, the judge refers to his charge at length, which is incorporated in, and made part of, the motion for a new trial; but it would be the better practice before granting the rule *nisi*, that the court should require counsel to perfect each ground of the motion, and make it conform to the charge in itself, without reference to outside matters in the charge at length. However, in the view we take of the case, it is not necessary to scrutinize these exceptions closely, because a new trial will be granted on the continuance, and the presumption is that if there be any serious inaccuracy in the charge, it will be corrected.

3. The motion for a new trial on the ground of error in

the refusal to continue, is based on the point that the court below declined to exercise any discretion, because the witnesses were absent in Alabama, and beyond the jurisdiction of the court to compel their attendance. There were two witnesses, the testimony of each was material and went to the vitals of the case. The motion was in writing, and was as follows; "Because of the absence of Rollin Hand, a material witness for his defense, who was, at the time of the offense alleged to have been committed, a citizen of said county, but has since removed to the county of Tallapoosa, state of Alabama; that owing to his recent arrest he has not had an opportunity of sending for him and bringing him to this court; that this motion is not made for delay, but for the purpose of getting the benefit of the testimony of said witness, who promised the brother of deponent that he would attend the court and testify at any time when he should be thereto requested. And deponent expects to prove by said witness that he was present and saw the difficulty on which the indictment is based, and that prior to the alleged shooting that the deceased was advancing on deponent with an open knife in a threatening attitude, and continued to advance, although twice warned and notified by deponent not to advance on him thus, and that the deceased continued to advance with his knife opened and threatening defendant until the firing occurred, and that the acts done by deponent were done in his own defense. That deponent has resided for the last nine years in the state of Texas, and was brought back, and arrived in the county of Pike on Wednesday of last week, and since that time has been incarcerated in the jail of said county.

Second, because of the absence of John Speer, a material witness for defendant, by whom he expected to prove that deceased, previous to the alleged shooting, had threatened to take the life of deponent if ever deponent passed down the road in which the homicide is said to have been committed, and that said John Speer commu-

nicated these threats before the time of the alleged shooting to the deponent; that said John Speer resides in the county of Tallapoosa, state of Alabama at this time, and could not be subpœnaed or brought to this court, for the reason of his defendant's recent arrest and incarceration in the jail. That he does not make this motion for delay, but for the purpose of getting the benefit of the testimony of said witnesses, and that he has reason to believe, and verily believes he can get the benefit of their testimony at the next term of this court, and that this deponent did not know of the removal of said witnesses, Hand and Speer, from the county of Pike, until one or two days after he was placed in the jail last week, and that he has had neither time nor opportunity of having them notified to appear."

Which motion was amended as follows:

Defendant, William W. Brown, amends his showing for a continuance, and says this showing is made in good faith for the purpose of getting the testimony mentioned in the affidavits, and that he cannot go safely to trial without the evidence of the two witnesses named.

John M. Brown on oath says, that he has heard the above named witnesses say that they would swear as hereinabove stated, and that said witnesses told him that they would come to court and testify as stated in affidavit of William Brown whenever requested or notified to attend said court.

The issue before the jury was whether the defendant shot the deceased in self-defense, against an attack made on him with a deadly weapon, such as an open knife, with intent to commit a serious injury on the person of the prisoner, or whether he shot him when there was no such assault and no such imminent and impending danger as to excite the fears of a reasonable man, that it was necessary to shoot to protect himself from serious bodily harm.

On that issue proof of previous threats, communicated to the prisoner, and of an actual assault on the prisoner with a

drawn open knife, ready to stab or cut him, and in such proximity to him as to enable the witness to testify that the prisoner acted in self-defense, was all important to a fair trial of the defendant. And it appears from the record that the presiding judge would probably have granted the continuance, but for what he conceived to be an unbending law, or rule, that no continuance could be granted where the witness was beyond the jurisdiction; for the record discloses the fact, and it was admitted in argument, that the refusal to continue was based "on the ground that the witnesses resided beyond the limits of' the state of Georgia." So that the discretion of the court was controlled by what he deemed an iron rule that no case could be continued for the absence of witnesses beyond the state. There is no such unbending rule of law. It is true that in 10 *Ga.*, 85, Judge LUMPKIN says generally that witnesses on whose testimony application was made to continue a case, resided beyond the state, were not considered; yet the record printed in the report does not show that there were such witnesses, nor does the original record filed here in office show such absent witnesses. So that it is but *obiter* on the part of that learned and much respected judge. As a general rule, too, it is and ought to be law; but it ought not to be, and it is not, an unbending rule. Continuances are always within the sound discretion of the court, and should be granted when the ends of justice demand the grant. Code, §3531.

They have been granted in civil cases when witnesses were without the jurisdiction, and no law of the state where they resided was shown to compel them to testify. 30 *Ga.*, 816; 29 *Ga.*, 271.

Can it be that the law will allow a party to continue for the absence of testimony in civil cases, where but money or property is at stake, and refuse it where liberty and life are involved? It would seem not, from authority in some of our sister states. See 7 Cowen, 369; 41 Ill., 486.

And reason is as potent on the point as authority could well make it. A homicide occurs in Columbus. But two men witness the killing. One lives in Girard, just across the Chattahoochee, and has agreed to be at court the next week or next day, and his testimony is material for the defense. If the trial goes on, but one is present, and his testimony will convict, perhaps; shall not the defendant have delay enough to procure the other, if he has been diligent, and it is not his fault that the witness is away? We think so.

While the American states are exclusive in their jurisdiction and stand to each other much as foreign states, yet we cannot shut our eyes to the great fact that they constitute in many respects but one country, and that only imaginary lines of boundary—not even a river or creek—mark the two jurisdictions. Shall justice be defeated and a fair trial fail for want of witnesses just over the line, who are willing to attend the trial and will attend in a week or two?

It cannot be. Whilst therefore the general rule is that cases will not be continued for absence of witnesses outside the reach of the compulsory process of the court, yet where there has been no lack of diligence, where the witness has promised to attend, where the testimony is of great materiality, where the application is not made for delay, but there is a reasonable expectation that the testimony will be on hand within a reasonable time, the case should be either continued for the term or postponed to a day certain, so as to give the defendant an opportunity of procuring the witness.

As to the sufficiency of such a showing the presiding judge will determine, and when he acts on it this court will, if at all, very reluctantly interfere with his discretion. In this case, he did not apply his discretion to the particular case made by the affidavits, but felt bound by the general rule expressed in *10 Ga.* So that we do not say he abused his discretion; for he exercised none, but yielded it to what he regarded an inflexible rule of law.

A counter-showing was made by the state.    In so far as it goes to show a different state of facts from those which the affidavit alleges that the absent witness will testify, it should not be considered; because the merits of the case cannot be tried on these affidavits or counter-affidavits by the judge; if so, trial by jury would be at an end.    But as the presiding judge did not put his ruling on that counter-showing at all, but on the residence of the witnesses in Alabama, this question is not before us, and we need not go into the inquiry of what part of the counter-showing was admissible to be considered, and what not.

We forbear to express any opinion on the evidence; because a new trial is awarded on the absence of witnesses who may change the aspect of the case in substantial particulars, and because, as the prisoner is awarded a new hearing, it is important that he have one without any intimation from us as to his guilt; for in that event it would hardly be what the law intends a *new* trial to be— NEW—without regard to that old trial which this judgment annuls.

The judgment is reversed solely on the ground that the court erred in refusing the new trial because the two witnesses were in Alabama; it being the opinion of this court that while, as a general rule, cases should not be continued where absent witnesses are beyond the jurisdiction of the court, yet the rule is not so unbending as to deprive the judge of the right of exercising his discretion favorably when there is a probability of getting the witness to attend, and the ends of justice demand the attendance.

Judgment reversed.