## Chicago & Eastern Illinois Railroad Company v. Joe Heilingenstein.

OBJECTION—*when cannot be availed of.*  To be in position to avail of an objection or motion, one must insist upon a ruling and obtain it and except to the ruling; or he must insist upon a ruling, and if the court refuses to rule, then except to the action of the court in refusing to rule on his objection or his motion.

Action in case.  Appeal from the Circuit Court of Effingham county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.  Heard in this court at the February term, 1907.  Reversed and remanded. Opinion filed September 13, 1907.

H. F. DICK, for appellant; EDWARD H. SENEFF, of counsel.

W. S. HOLMES and S. F. GILMORE, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in the Circuit Court of Effingham county by appellee against appellant and the Baltimore & Ohio Southwestern Railroad Company, to recover damages for the destruction of appellee's ice-house and its contents, by fire alleged to have been negligently allowed to escape from defendant's engines.  During the progress of the trial appellee dismissed as to the Baltimore & Ohio Southwestern Railroad Company, and the suit progressed to verdict and judgment in his favor against appellant in the sum of $1,500.

The only questions raised on this appeal that we deem it important to discuss pertain to the admission of certain evidence by the trial court, and to the giving of certain instructions.

The ice-house destroyed was situate in the city of Altamont and in the vicinity of certain railroad tracks used by appellant, at that place.  It is claimed by counsel for appellee and the evidence tends to prove that a certain one of appellant's engines, known as engine

No. 92 was in appellant's service at Altamont, in the vicinity of the ice-house in question on the morning of its destruction; that sparks of fire escaped from this engine and fell upon the roof of appellee's ice-house, setting it on fire; and it is not claimed that appellant had any other engine in that vicinity, or even in that city, on that occasion, nor is there any evidence tending to prove that it had.

One feature of appellant's defense, and which the evidence tended to prove, was that this engine, No. 92, while in service on the occasion in question, "was properly equipped with the best and most approved appliances to prevent the escape of fire and that said appliances and engine were in good repair and that said engine was then properly operated by a competent engineer."

Upon this state of record the trial court admitted in rebuttal, over appellant's objections, the following testimony: "W. O. Bullington, being recalled in rebuttal. Q. Where do you live Mr. Bullington? A. St. Elmo. Q. What is your business? A. I am an engineer at the ice-plant, St. Elmo, at present. Q. What was your business in October, 1905? A. I was working for the C. & E. I. Railroad Shops. Q. Whereabouts? A. St. Elmo. Q. Was that the end of their division at that time? A. Yes, sir. Q. Did you observe any spark arresters in those engines at that time in St. Elmo? Objected to by defendant. Court: So far as spark arresters, the question is right if limited to that. Defendant excepts. Q. Do you know what kind of engines they use on their local freight trains? Objected to, overruled, defendant excepts. A. Generally on locals 92, 95, 127, 123, and those small class engines as a general thing; sometimes battleship class. Defendant moves answer be stricken. Refused. Exception. A. So far as spark arresters, as a general thing they use netting, such as that which we know as screen netting—such as described here. Q. Tell jury, if in your examination, you found anything as to

their condition? Objected to, as not confined to this one engine. Overruled. Exception. A. In most cases they were good, but I have seen them with holes in them; couldn't tell exactly what; in some cases it looked like they had been punched with a bar, or something or other, because it looked like they were worn out. Objected to. Overruled.'' The trial court erred in admitting this testimony. It was wholly irrelevant and highly misleading.

The witness above quoted from was further allowed to state over appellant's objections: ''I have seen letters on tenders of those engines. Q. What letters are they? Objected to; not confined to the one engine; overruled; exception. A. 'C. & E. I.' on tank, number painted on tank, also number of engine; on cab have noticed some 'C. & E. I.,' some 'Frisco.' '' This was also wholly irrelevant.

Counsel insist that the court erred in permitting appellee to testify to what occurred and was said between him and one of appellant's section bosses with respect to an appraisement of the loss sustained by the fire. Appellant is not in position to avail of its objection to that testimony. True, objection was timely interposed and a motion afterwards made to strike out, but the court made no ruling upon either. To be in position to avail of an objection or motion, one must insist upon a ruling and obtain it and except to the ruling; or he must insist upon a ruling, and if the court refuses to rule, then except to the action of the court in refusing to rule on his objection or his motion.

The court gave seven instructions on behalf of appellee. Each one of these is justly subject to criticism. Five of them refer to the duty of appellant to equip its engine with proper appliances to prevent the escape of fire. In the first, the duty is stated to be to supply its engine ''with the best known appliances for arresting sparks''; in the second, to equip it ''with the best appliances for arresting fire''; in the third, to supply it ''with the most approved spark arrester''; in the

fourth, to ''use all the best and most improved mechanical inventions for that purpose, to prevent injuries by fire or other causes to the property of citizens''; in the fifth, to equip its engine ''with the best approved appliances to prevent fire from escaping.'' It requires but an inspection of these instructions to disclose that no one of them accurately states the duty, and that taken all together they tend to confuse rather than enlighten. The sixth and seventh instructions assume appellant's liability, and authorize the assessment of appellee's damages without reference to the evidence as to value of the building or other property destroyed.

For the errors above noted the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*