## August J. Schultz, Administrator, Plaintiff in Error, v. Franz Meyer, Defendant in Error.

## Gen. No. 18,345.

1. EVIDENCE—*to show note is payable on a contingency.* Where after entry of judgment on a note against defendant on a *narr.* and *cognovit,* defendant is permitted to plead, it is error to admit evidence that the note was given for the purpose of securing plaintiff, who signed certain notes as surety for defendant, and that in case defendant paid the notes, the note is question was to be void and returned to defendant.

2. EVIDENCE—*to vary terms of a note.* Parol evidence must not go to the extent of varying the terms of a note absolute on its face, showing that though on its face, it was given for one purpose, yet in truth and fact, it was given for a different purpose.

3. EVIDENCE—*where note is payable on a contingency.* The maker of a note cannot show as against the payee an oral contemporaneous agreement which makes the note payable on a contingency.

Error to the Circuit Court of Cook county; the HON. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed June 3, 1913.

A. J. BEDARD and SAMUEL B. KING, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff in error and defendant in error were plaintiff and defendant respectively in a suit brought on a judgment note. After entry of a judgment for plaintiff against defendant on a *narr.* and *cognovit,* defendant was permitted to plead. He filed a plea of general issue and notice of special matter of defense to the effect that the note in question was given to plaintiff's intestate for the sole purpose of securing

him for having signed as surety certain notes given by defendant and subsequently paid, and that there was an understanding between them at the time of the execution of said note sued on that in case the defendant made payment of said notes, which plaintiff's intestate had signed as surety, the note in question would be void and returned to defendant.

On the trial plaintiff made a *prima facie* case by the introduction of the note sued on, and defendant sought to prove the matter set up in said notice by the proof of certain facts which need not be recited, but which tended to support the defense relied upon in said notice.

The important question is whether such defense can be made. It necessarily conceded a consideration for the note and no failure thereof. The purport of it was to show a contemporaneous oral agreement limiting defendant's liability; in other words, that he would be liable only on the contingency that the payee should be damnified as such surety.

We cannot look upon such evidence otherwise than an attempt to vary the terms of the note absolute on its face. Not only will the law presume that it was given for a valuable consideration, but the mortgage given to secure it expressly recites that the precise amount of the note was paid to defendant by plaintiff's intestate. In *Foy v. Blackstone,* 31 Ill. 538, it was said that the ''proof must not go to the extent of varying the terms of a note absolute on its face, showing that though on its face, it was given for one purpose, yet in truth and in fact, it was given for a different purpose.'' The court further declared that the rule is well settled that the maker of a note cannot show against the payee an oral contemporaneous agreement which makes the note payable on a contingency, and cites 2 Parsons on Bills and Notes, 508, and certain cases. The same rule was followed in *Penny v. Graves,* 12 Ill. 287;

*Harlow v. Boswell,* 15 Ill. 56; *Harris v. Galbraith,* 43 Ill. 309, and *Weaver v. Fries,* 85 Ill. 356.

All these cases relate to actions upon promissory notes where the defense proved not to be want or failure of consideration but an attempt to vary the terms of the note itself. In the opinion of the *Weaver* case, *supra,* are cited other cases of the same character, and in all the principle above stated is adhered to. In some of them, as in the case at bar, an attempt was made to show that the note, absolute on its face, was in fact payable on a contingency, and such proof was held inadmissible.

This case must be reversed for receiving proof of such character. The other objections to the proof need not be considered.

*Reversed and remanded.*