**J. A. Weinstein, Appellee, v. I. Sprintz, Appellant.**

**Gen. No. 28,513.**

1. NEGOTIABLE INSTRUMENTS—*one receiving overdue check not a holder in due course.* One who receives a check which shows on its face that it is overdue is not a bona fide holder in due course.

2. NEGOTIABLE INSTRUMENTS—*check in hands of one not a bona fide holder subject to same defenses as if held by payee.* In suit on a check by one who is not a bona fide holder in due course the check is subject to the same defenses as if it were held by the payee.

3. NEGOTIABLE INSTRUMENTS—*parol evidence inadmissible to vary terms of instrument.* In suit on a check, evidence of the defendant to the effect that there was a contemporaneous agreement between the defendant and the payee at the time the check was delivered, that it was not to be considered as a check, but merely in the nature of a receipt for the money which the payee had given to the defendant to be invested in a joint enterprise, *held* inadmissible as tending to vary the terms of the written contract.

Appeal by defendant from the Municipal Court of Chicago; the Hon. LAURENCE B. JACOBS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed October 30, 1924.

WILLIAM C. ASAY, RICHARD S. FOLSOM and ARCHIE H. COHEN, for appellant.

MILES J. DEVINE and JOHN J. DEVINE, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, as indorsee of a check, brought suit against the defendant, as maker, to recover the face of it, $500. There was a finding and judgment in plaintiff's favor for the amount of his claim and the defendant prosecutes this appeal.

The record is very much confused, but from a careful consideration of all of the evidence we think it appears that on or about December 8, 1921, the defendant made his three checks, one for the sum of $300 and two for the sum of $500 each, payable to the order of one Greenberg. One of the $500 checks was dated January 8, 1921, and the one in question February 8, 1921. The date of the $300 check does not appear. The defendant's testimony was to the effect that he entered into an agreement with Greenberg, the payee of the checks, whereby they were to buy and sell eggs as partners; that Greenberg gave the defendant for such purpose $1,300; that a few days thereafter Greenberg called at the defendant's house in the evening and stated that he ought to have something to show that he had given the defendant $1,300 and thereupon the defendant gave him the three checks, the same to be considered in the nature of recepts for the money, and that, through error, the checks were dated in the year 1921, instead of being dated ahead, in the year 1922, as was intended; that the defendant, on December 31, 1921, notified the bank upon which the $500 check in question was drawn, not to pay it. The evidence further tends to show that the check for $300 and the check for $500, which was payable January 8, were paid and that Greenberg cashed the check in question with one Roitman and the latter on or about February 5, 1922, delivered it to the plaintiff to whom he owed money; that plaintiff upon receiving the check

deposited it in his bank about the 6th or 7th of February, 1922, and a few days thereafter was notified by the bank that payment of it had been stopped by the defendant.

A great deal of argument is made in the briefs as to whether plaintiff was a bona fide holder for value in due course. Sections of the negotiable instrument law and numerous authorities are cited and discussed. It would serve no useful purpose to refer to the sections or authorities for it is clear plaintiff was not a bona fide holder in due course, because when he received the check, on or about February 5, 1922, the check, on its face, showed that it was overdue nearly one year. Paragraph 72, sec. 52, ch. 98, Cahill's Ill. St. Plaintiff was, therefore, put upon notice, and if he had made inquiry, as he should, he would have been informed that the defendant maker of the check had stopped payment on it about six weeks prior to the time he received it. Since plaintiff was not a bona fide holder in due course, the check was subject to the same defenses in his hands as if it were held by the payee, Greenberg.

The question therefore is, does the evidence show that the defendant had a meritorious defense? Assuming the testimony given by the defendant as to the nature of the transaction between himself and Greenberg to be admissible, we would not be warranted in disturbing the judgment, because Greenberg testified that he loaned the $1,300 to the defendant and did not enter into any transaction for the purchase of eggs as the defendant testified. The court evidently believed Greenberg's version of the matter and did not believe the defendant when he testified to the effect that the $1,300 was an investment by Greenberg and we cannot say that such finding is against the manifest weight of the evidence. In these circumstances, we are not warranted under the law in disturbing the finding and judgment of the court.

After the filing of an opinion to the foregoing effect, the defendant filed a petition for a rehearing, in which he contended that the trial judge based his decision solely on the question of law—that the plaintiff was a bona fide holder of the check in due course, and that the trial judge did not reach his decision upon a weighing of the conflicting evidence. It does appear that the decision of the trial judge in favor of the plaintiff was reached on the theory that plaintiff was a bona fide holder of the check in due course. And it further appears that that erroneous view taken by the trial judge was brought about in part, at least, by counsel for the defendant, because he acquiesced in the suggestion that the case would turn on the question of law and then stated that he had the authorities to sustain that view. But aside from this the judgment ought not to be reversed if, upon a retrial, the evidence sought to be introduced by the defendant, and which tended to show he had a meritorious defense, is inadmissible.

Plaintiff in his original brief contended that the evidence of the defendant to the effect that there was a contemporaneous agreement between the defendant and Greenberg at the time the check in suit was delivered, that it was not to be considered as a check, but merely in the nature of a receipt for the money which Greenberg had given to the defendant to be invested in the purchase of eggs was inadmissible as it tended to vary the terms of the written contract. And counsel for plaintiff in support of this cited the case of *Schultz v. Meyer,* 181 Ill. App. 335. To this contention counsel for the defendant replied that the evidence was admissible by virtue of the provisions of section 9, ch. 98, of the Act of 1874 [Cahill's Ill. St. ch. 98, ¶ 10] which provides that in an action upon an instrument in writing for the payment of money, the defendant may plead a want or failure of consideration as a defense.

We think the evidence of the defendant to the effect that the check in suit was in fact to be considered but a receipt by the defendant of the money from Greenberg would be clearly inadmissible. It did not tend to show that there was a want or failure of consideration, but the evidence, if admitted, would tend to vary the terms of the written check. The check on its face was an absolute order given by the defendant to pay Greenberg $500, and parol evidence which tended to show that the check was merely to be considered as a receipt and not for the payment of money was not admissible. It would violate the parol evidence rule. *Schultz v. Meyer, supra; Foy v. Blackstone,* 31 Ill. 538; *Penny v. Graves,* 12 Ill. 287; *Lane v. Sharpe,* 3 Scam. (4 Ill.) 566; *Harlow v. Boswell,* 15 Ill. 57; *Harris v. Galbraith,* 43 Ill. 309; *Weaver v. Fries,* 85 Ill. 356.

In the *Schultz* case it was held that the defendant maker of a note could not legally show that he executed the note in suit for the sole purpose of securing the payee against any damages he might sustain by reason of the payee having signed as surety certain other notes made by the defendant. The court there said (p. 336): that the purport of such evidence "was to show a contemporaneous oral agreement limiting defendant's liability; in other words, that he would be liable only on the contingency that the payee should be damnified as such surety. We cannot look upon such evidence otherwise than an attempt to vary the terms of the note absolute on its face."

In the *Foy* case, which was a suit on a promissory note, in an opinion written by Mr. Justice Breese, the court said (p. 541) that "proof must not go to the extent of varying the terms of a note absolute on its face, showing that though on its face it was given for one purpose, yet in truth and in fact it was given for a different purpose."

So also in the *Penny* case, it was held that in a suit on a promissory note parol evidence which tended to

show that the note although absolute in terms was in fact conditional was inadmissible. To the same effect are the other authorities cited, but the rule that parol evidence is inadmissible to vary the terms of a written contract such as the one in suit has been so long and so firmly established that we deem it superfluous to refer at length to any other authorities.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.