Helena Paluszewski, Defendant in Error, v. Ignacy Tomczak and Katarzyna Tomczak, Plaintiffs in Error.

Gen. No. 36,941.

246

Opinion filed January 15, 1934.

RUBENSTEIN & RUBENSTEIN, for plaintiffs in error; WALTER MONARCH, of counsel.

THOMAS P. OCTIGAN, for defendant in error; PETER D. CALOGER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendants seek to reverse an order entered by the municipal court of Chicago, denying their motion to vacate a judgment entered by confession.

Counsel for both parties have violated Rule 19 of this court by referring to the parties as "plaintiff in error" and "defendant in error," which only tends to confuse. Rule 19 provides that "the parties shall be designated plaintiff . . . and defendant as in the trial court." This should be done without any explanation or apology.

February 21, 1933, plaintiff caused judgment by confession to be entered against the defendants on a promissory note made by the defendant and payable to the order of "STANISLAW OR HELENA PALUSZEWSKI." Afterward, on March 17, defendants filed their petition praying that the judgment be vacated and set aside, and on June 2nd following filed their supplemental petition. The motion on defendants' petition and supplemental petition was continued from time to time; on June 20th the matter came on for hearing and on motion an order was entered allowing plaintiff to file her petition, where among other things plaintiff averred that the judgment entered in her favor was too large and she offered to remit the ex-

cess. The court then heard the matter, denied defendants' motion to vacate the judgment entered, reduced the judgment $179.60, and the judgment was confirmed for the balance.

In their petition defendants set up the entry of the judgment, that it was confessed on an "alleged promissory note," describing the note in question, and averred that the "alleged promissory note is not in fact and in law a promissory note," and that the judgment was void. The contention was, as disclosed by the petition, that the payees of the note were Stanislaw or Helena Paluszewski. In their supplemental petition the defendants set up that defendant Ignacy Tomczak was an employee of the Peoples Gas Light & Coke Company, and by reason of this fact was entitled to purchase common stock of the Insull Utility Investment Company at a discount; that plaintiff, his cousin, requested defendants to purchase $7,000 of the Insull stock, plaintiff to have 1/7th interest and Ignacy Tomczak 6/7ths, the "profits and losses to be shared and borne proportionately to their respective interests"; that defendants purchased the $7,000 worth of stock accordingly; that the stock was purchased in the name of defendant Ignacy Tomczak, because as an employee of the gas company he could buy it at a discount; that he holds the stock for plaintiff and the defendants, whose interests in it are, as above stated, 1/7th and 6/7ths respectively. The supplemental petition further set up that defendants executed and gave to plaintiff the "instrument in writing purporting to be a note for One Thousand ($1,000.00) Dollars only as evidence of the interest which the plaintiff had in said stock certificates," being the note on which the judgment was confessed; that it was specifically and orally agreed between the parties "that said alleged note was to be retained by plaintiff and was not to be negotiated or used . . . as

a note or negotiable instrument, but was to be held by the plaintiff solely to evidence the faithful performance of IGNACY TOMCZAK, one of the defendants . . . as holder of said Common Stock for the mutual interest of the plaintiff and defendant, IGNACY TOMCZAK, in accordance with their respective interests''; that thereafter plaintiff from time to time "requested certain advancements from defendants,'' which advancements defendant Ignacy Tomczak made in the sum of $475; that such advance is more than the value of the 1/7th interest of plaintiff in the stock which defendants hold for plaintiff; that plaintiff and defendant Ignacy Tomczak ''are copartners of said stock so held by the defendant Ignacy Tomczak, in the ratio of one-seventh (1/7) and six-sevenths (6/7) . . . ; that said note held by plaintiff is now of no force and effect for the reasons aforementioned, and that these defendants stand ready and willing to assign to the plaintiff her one-seventh (1/7) interest in said stock conditioned upon the return to the defendants of their note upon which judgment was wrongfully confessed.''

The defendants contend that under the law where a promissory note is made payable to the order of two or more persons in the alternative one of the payees cannot maintain an action on the note in his own name, and since the note in question is made payable to Stanislaw or Helena Paluszewski, plaintiff, Helena Paluszewski, cannot maintain an action on the note. In support of this the cases of *Musselman v. Oakes*, 19 Ill. 81, and *Carr v. Bauer*, 61 Ill. App. 504, are cited. The *Musselman* case sustains this contention and the holding in that case was followed by the Appellate Court in the *Carr* case. Both of these cases, however, were decided long before the passage of our Negotiable Instruments Law, in 1907. That Act provides for the form of negotiable instruments, and as a part of the definition in section 8 pro-

vides that a negotiable instrument "may be drawn payable to, or to the order of: . . . One or more of several payees."

And it is the law that "A bill (or note) may be made payable to two or more payees jointly, or it may be made payable in the alternative to one of two, or one or some of the several payees." And "Where a note is made payable 'to the order of A or B,' the endorsement of either is sufficient to pass the title." And "If the endorsement of either payee is sufficient to pass the title, there seems to be no reason why either payee may not bring suit on the note." Brannan's Negotiable Instrument Law (4th ed.), pp. 75, 76 and 77.

In the instant case, under the law above quoted and which is sustained by the authorities, we hold that plaintiff, being one of the payees of the note, may maintain an action on it.

The defendants further contend that the warrant of attorney attached to the note did not authorize the entry of a judgment in favor of one of two alternative payees; that the power to confess judgment must be strictly pursued, and that the warrant of attorney attached to the note in question authorizes confession of judgment " 'In favor of the legal holder of this note.' But the note being payable to Stanislaw or Helena Paluszewski, it is uncertain and indefinite who is the legal owner of said note." What we have above said in disposing of the first point, we think is sufficient. There is no merit in this contention.

The defendants further contend that the note in suit was delivered conditionally; that there was a contemporaneous and oral agreement as set up in defendants' supplemental petition, and therefore the note did not take effect "*in praesenti* as a promissory note." Defendants' counsel then cite section 16 of the Negotiable Instruments Law, Cahill's St. ch. 98, ¶ 36, which provides that a negotiable instrument is incomplete until

the delivery of the instrument; that as between the immediate parties the fact that the instrument was conditionally delivered may be shown by parol, and that the court erred "in denying leave to (defendants) to make proof of the allegations" in their supplemental petition "that the note in question was delivered upon the condition that Ignacy Tomczak would faithfully perform his verbal agreement to purchase and hold" the stock mentioned.

An examination of the abstract and of the record fails to show that defendants offered any such evidence. In fact no evidence was offered, but it appears that the case was disposed of on the defendants' petition and supplemental petition. Moreover, it is the law that, as between the immediate parties to a promissory note parol evidence may be offered to show that the note was delivered conditionally, that is, that it was not to take effect as a promissory note except upon certain conditions subsequent. But it seems that the defendants, by their supplemental petition, did not seek to show that the note was delivered conditionally but that it was not to be considered as a note at all. If this is defendants' position, it cannot be sustained. *Weinstein v. Sprintz*, 234 Ill. App. 492. One may not make and deliver a promissory note, regular in form, and afterwards contend that it was not to be considered as a promissory note,—which seems to be what the defendants sought to do in the instant case, although we are uncertain on this point because the defendants' supplemental petition, from which we have above quoted at considerable length, is unintelligible. We are unable to say with any degree of certainty what facts were sought to be alleged in the supplemental petition. On a motion to open up or vacate a judgment, the affidavits in support of the motion are construed against the defendant; and from what we have said, we think we would not be warranted under the law in overruling the order and

judgment entered by the trial court denying defendants' motion. However, the judgment entered in this case was for $1,280.80. Afterward plaintiff filed a petition setting up that certain payments had been made by the defendants on the note and that the judgment entered was for $179.60 more than was due. And it further appears from the verified petition filed by plaintiff that four days after the judgment was entered defendants paid $300 on account of the note. It therefore appears that the judgment is excessive to the extent of $479.60, and for this reason the judgment of the municipal court of Chicago is reversed and judgment entered in this court in favor of plaintiff and against the defendants for $801.20. Both parties will be required to pay their own costs incurred in this court.

*Judgment reversed and judgment entered in this court.*