Maria Grazia Cusanelli, Administratrix of the Estate of Tony Cusanelli, Deceased, Appellee, v. J. C. Steele and I. J. Rosch, Appellants.

Opinion filed November 9, 1936.

Roscoe Forth, of Granite City, Arthur R. Felsen and J. R. McMurdo, both of East St. Louis, for appellants; L. Harold Degnan, of East St. Louis, of counsel.

Harry Faulkner, of Granite City, and C. C. Ellison, of Alton, for appellee.

Mr. Justice Edwards delivered the opinion of the court.

Plaintiff, as administratrix of the estate of Tony Cusanelli, deceased, brought suit against defendants to recover on a note for $1,300, made by the said J. C. Steele and I. J. Rosch to order of deceased; the action being later dismissed as to the said Rosch. The complaint was in the usual form, with a copy of the note attached. Defendant Steele pleaded the general issue, and three special pleas: first, that the note was for the accommodation of plaintiff's intestate; second, that it was delivered conditionally, and third, that there had been an agreement between defendant and the deceased that the former was not to be personally liable upon the note. The said agreement was not alleged to be in writing. To each of these special pleas plaintiff filed replications, which were denials of the matters set forth therein, and tendering as to each an issue of fact.

It will thus be seen that the third special plea did not set up any legal defense. The copy of the note attached to the complaint was an absolute promise to pay money according to its terms, and it is not competent as a defense thereto, to show by oral testimony that the parties did not intend that it should be effective as a promissory note. To permit such to be done is to vary the terms of a written instrument by parol, which cannot be done. *Foy v. Blackstone,* 31 Ill. 538; *Weaver v. Fries,* 85 Ill. 356; *Paluszewski v. Tomczak,* 273 Ill. App. 245; *Weinstein v. Sprintz,* 234 Ill. App. 492. Nor does it become a valid defense by reason of

the fact that plaintiff, instead of moving to strike the plea, as she properly should have done, replied thereto and tendered an issue of fact thereon. *McClure v. Williams*, 65 Ill. 390. The issue thus joined was immaterial, and, together with any evidence tending to support such, will be disregarded. *Hitchcock v. Haight*, 7 Ill. 604; *Rodriguez v. Merriman*, 133 Ill. App. 372.

A few days before the date set for trial, defendant moved for a continuance in order to secure the attendance of witnesses stated to be in Missouri, and also certain documents said to be in Kentucky. The court overruled the motion, and the ruling is assigned as error.

The affidavit supporting the motion averred: "Affiant further states that if further time is given, said witnesses, note and mortgage can be secured and produced at the trial." It thus appears that the affidavit merely avers his ability to produce the evidence, which is but his conclusion. Where the witnesses or the documentary evidence are beyond the boundaries of the State, the affidavit should set forth the affiant's reasons for his belief that he will procure the attendance of such witnesses, so that the court may determine whether they are reasonable, and if so, the continuance should be granted; but if the grounds assigned do not disclose any reasonable probability of his ability to produce the evidence, then the motion should be denied. *Eubanks v. People*, 41 Ill. 486; *Wilhelm v. People*, 72 Ill. 468. We think the court did not err in overruling the application for a continuance.

Upon the trial, at the close of the evidence, the court directed a verdict for plaintiff in the sum of $1,950.68, upon which judgment was entered, and from which defendant appeals.

Margaret Cusanelli, a daughter of the deceased, testified that defendant delivered to her the note in ques-

tion, to be turned over to her father, who had sent her to defendant with a note and mortgage to be handed to the latter in exchange for the one sued upon. On cross-examination she stated that the note which she then handed to defendant was signed by himself, and also by Albert R. Senciper and his wife Hazel H. Senciper. This was all the proof offered by plaintiff, except the note in question.

Defendant took the stand in his own behalf to testify to the transactions and conversation related by the daughter. He claims that he sought to deny that his signature was on the note which the daughter had handed to him, but that the court erroneously refused to permit him to so testify.

We find, by reference to pages 33 and 34 of the abstract, that the defendant testified as follows: "I was in court this morning and heard Margaret Cusanelli testify that at the time she was in my office, at which time plaintiff's Exhibit 1 was delivered, she delivered another note to me which was signed Albert R. Senciper and Hazel H. Senciper and myself. The note was signed Albert R. Senciper and Hazel H. Senciper only. I remember the note that she testified about, and it was not signed by me. My signature did not appear anywhere upon it."

No objection appears to have been made to any of this testimony, nor was there any motion to strike it or any part thereof. Obviously, defendant fully denied that his signature was on such note, and he is in error in contending that the court denied him the right to so testify.

It is further urged that the trial court sustained an objection by plaintiff to the offer by defendant of the latter's Exhibits 1, 2, 3 and 4, the same being copies of letters.

When such exhibits were offered, plaintiff objected, and the court stated he would reserve ruling thereon

until after the lunch hour. The original record, at page 63, reveals the following: ''Court resumed at 1 P. M. Whereupon Mr. Ellison, for plaintiff, again objected to such exhibits as incompetent and inadmissible under Section 2 of the Evidence Act. Mr. Forth, counsel for defendant, replied that such Section did not apply to the offered exhibits.''

The record does not show that the court made any ruling thereon, hence there is nothing for the consideration of this court relative to the offer of such evidence. Where a ruling on objections to evidence is reserved, and not afterwards made, there is no ruling for consideration on review. *Mitchell v. Chicago, B. & Q. Ry. Co.*, 265 Ill. 300.

To avail of an objection, counsel must insist upon a ruling of the trial court upon the objection, and must either obtain a ruling or a refusal of the court to rule. Mere failure to rule is not sufficient. *City of Salem v. Webster*, 192 Ill. 369; *Summerville v. Penn Drilling Co.*, 119 Ill. App. 152; *Chicago & E. I. R. Co. v. Heilingstein*, 137 Ill. App. 35. The law upon this question is stated in 3 Corpus Juris, p. 889, sec. 795: ''As a general rule, error alleged in the admission or rejection of evidence, cannot be considered by the reviewing court if it does not appear from the record that there was a ruling relating thereto.''

Here the record fails to disclose a ruling upon the objection to the offer of the exhibits, and further does not show that defendant insisted upon such ruling, or that the court refused to make same; hence, within the rule of the authorities cited, there is nothing for the consideration of the court upon the proposition.

Defendant further contends that he was denied the right to testify regarding the matters to which Margaret Cusanelli deposed in her testimony. The abstract shows, on page 32, in response to a question to state the conversation between himself and said wit-

ness, the defendant testified that when he delivered the note sued upon to the witness, he told her he had an agreement with her father that he was not to be liable thereon; that it was given him to show to his family, who had been finding fault with him because he could not collect the note secured by the second mortgage, and that there was to be no obligation to him; that an effort would be made to sell the property, and whatever it brought over and above the first mortgage would be turned over to the deceased.

Objection was made by plaintiff to the answer, and after some colloquy between counsel, the attorney for plaintiff asked that the jury be instructed to disregard it; to which the court replied: ''Sustained, as to that part pertaining to some transactions not testified to by Miss Cusanelli, the witness for the plaintiff.''

Whether the court was ruling upon the objection to the answer, or the motion to direct the jury to disregard same, we are unable to determine; however, in our opinion it makes no difference. The question was ·proper; the answer was responsive and related solely to the matters testified to by Margaret Cusanelli, and to nothing else; hence was proper, and not subject to objection nor motion to strike. Whichever point the court was ruling upon, it will be observed that he was only sustaining the objection or the motion, as the case may be, to so much of the answer as related to transactions not testified to by the witness for the plaintiff, and was not ruling adversely to any part which pertained to the matters testified by her. The entire answer was directly in relation to such, hence the court's ruling did not eliminate any of the answer, and the defendant's version of the transactions between himself and Margaret Cusanelli, in its entirety, remained in the record. Counsel, evidently misapprehending the effect of the court's ruling, thereupon offered to prove by the witness the same matters contained in such

answer, and the court properly sustained objection to the offer, as the proffered testimony was already in the record.

Defendant insists that the court erred in directing a verdict, for the reason that there was testimony reasonably tending to sustain the special pleas. If so, the point is well taken. *Harrison v. Bingheim,* 350 Ill. 269.

As previously seen, the defense set forth in the third special plea was not one recognized by the law, and for the reasons stated is not to be considered.

Special plea number one was that the note sued upon was without consideration and given solely for accommodation. The witness for plaintiff testified that she delivered to defendant a note secured by a real estate mortgage, given to her father by the Sencipers, and received in exchange the note in controversy. This is not denied by defendant, hence stands as a proven fact in the case. The surrender of the note and real estate mortgage referred to was a sufficient consideration to support the promise contained in the note sued upon. *Hart v. Strong,* 183 Ill. 349. There was no testimony which tended to sustain the allegations of the first special plea.

Defendant's principal contention appears to be based upon the second special plea, that the note was conditionally delivered. This is a valid defense by Ill. State Bar Stats. 1935, ch. 98, ¶ 36; Jones Ill. Stats. Ann. 89.036 (par. 36 of ch. 98, Smith-Hurd's R. S.) and the question is, does the testimony reasonably tend to support it?

Whoever asserts that the delivery of a promissory note was conditional, has the burden of proving same, and the evidence to establish such fact should be clear, convincing and specific. *Dairyman's State Bank v. Dunham,* 271 Ill. App. 249. Defendant's Exhibits 1, 2, 3 and 4 not being before us for consideration, for the reasons previously given, the only evidence bearing

upon the question is the oral testimony of defendant, which is to the effect that he was not to be liable upon the note; that same was given so that deceased might exhibit it to members of his family who had been complaining because he could not collect upon the note for which it was given in exchange, and that if the real estate sold for more than the amount of the first mortgage, the overplus should be paid to the decedent.

This testimony does not show that the note was delivered with the intent that its ownership should not pass until the happening of some event or contingency; but on the contrary proves that it was delivered *in praesenti*, for the purposes stated by defendant, and that decedent became its owner by the manual delivery to him. The conditional part of the transaction was that its payment should be made when there was a sale of the real estate, if there was a surplus after satisfaction of the first mortgage, and then only to the extent of such overplus.

This testimony shows that no condition precedent to the complete delivery of the note was imposed, but on the contrary, one was impressed which related to the payment of the obligation, and as this disputed and varied the terms of the instrument, in order to have legal force or effect, must have been in writing and could not rest in parol. *Handley v. Drum*, 237 Ill. App. 587; *Schultz v. Meyer*, 181 Ill. App. 335; *Weinstein v. Sprintz*, 234 Ill. App. 492. There was no competent testimony which tended to prove that the delivery of the note was conditional.

An offer was made to prove by Mr. and Mrs. Senciper that the note which Margaret Cusanelli testified to delivering to defendant, did not contain the latter's name in any capacity; which offer was rejected. The testimony of Mrs. Senciper was that the note was with certain other of her belongings in Kentucky. The basis of the trial court's ruling was that the note was the

best evidence of its contents, including the names which appeared upon it in whatever capacity, and that defendant had not made due effort to produce same at the trial.

In *McDonald v. Erbes,* 231 Ill. 295, the rule is stated to be that secondary evidence may be received to prove the substance of a document which is out of the jurisdiction of the court, only when due effort has been made to obtain the instrument. We agree with the trial court that there was no sufficient showing of diligence or effort to secure the note, hence the ruling was justified.

For which reasons we are of opinion that the judgment is right, and it will be affirmed.

*Judgment affirmed.*